**RABBI JACOB JOSEPH SCHOOL,**
Plaintiff–Appellant,

v.

**PROVINCE OF MENDOZA, Bank of New York and JP Morgan Chase Bank, Defendants–Appellees.**

**Docket No. 05–10803 CV.**

United States Court of Appeals, Second Circuit.

Argued: July 12, 2005.

Decided: Sept. 30, 2005.

Eli Feit, Heller, Horowitz & Feit, P.C., New York, N.Y. (Stuart A. Blander of counsel) for Plaintiff–Appellant.

Jonathan I. Blackman, Cleary Gottlieb Steen & Hamilton LLP, New York, N.Y. (Carmine D. Boccuzzi, Michael J. Byars, of counsel) for Defendant–Appellee Province of Mendoza.

Before: JACOBS, B.D. PARKER, Circuit Judges, and HURD, District Judge.[*]

---

[*] The Honorable David N. Hurd, United States District Judge for the Northern District of New York, sitting by designation.

JACOBS, Circuit Judge.

The Argentinian Province of Mendoza (the "Province") moves to dismiss for lack of jurisdiction this appeal from a order entered in the United States District Court for the Southern District of New York (Baer, *J.*), which dismissed the complaint of the Rabbi Jacob Joseph School (the "School"). Following an adverse decision regarding all but one of its claims, the School voluntarily dismissed its remaining cause of action—without prejudice—pursuant to Fed.R.Civ.P. 41(a)(2). Concluding that the district court's dismissal order is not final, we grant the motion and dismiss this appeal for lack of appellate jurisdiction.

## I

The School is a holder of bonds issued by the Province. The complaint arises out of the School's effort to prevent the Province from consummating an offer to exchange existing bonds for new ones. The complaint was originally filed in state court, was removed to federal court, and was transferred to the Southern District of New York, where an action involving virtually identical facts and claims was then pending before Judge Baer, *see Greylock Global Opportunity Master Fund Ltd. v. Province of Mendoza,* 2004 WL 2515351. In the *Greylock* action, the district court granted summary judgment in favor of the Province, *Greylock Global Opportunity Master Fund Ltd. v. Province of Mendoza,* 2005 WL 289723 (S.D.N.Y. Feb.8, 2005); that same day, the district court denied the School's motion to join additional defendants as "futile" in light of its *Greylock* decision, *see Rabbi Jacob Joseph Sch. v. Province of Mendoza,* No. 04 Civ.

9102(HB), Order (S.D.N.Y. Feb. 8, 2005) (order denying motion to join additional defendants). At a subsequent status conference, the district court ruled that all but one of the School's claims were foreclosed by the *Greylock* decision (or were otherwise without merit). The claim remaining, the First Cause of Action, alleged breach of contract for failure to pay interest due on the existing bonds (the "First Cause of Action").

The survival of that last claim notwithstanding, the parties submitted letters that the district court accurately construed as motions to dismiss the complaint altogether. The School submitted a proposed dismissal order, which provided, in pertinent part:

> [I]t is ORDERED that, with the exception of the plaintiff's claim to recover monies currently due on the subject Bonds [ (the "First Cause of Action") ], which claim is *dismissed without prejudice and without leave to replead in this action*, the action is dismissed with prejudice as against all defendants and the Clerk is directed to close the file.

(emphasis added). Relying on the parties' submissions, the district court dismissed all of the School's claims with prejudice (the "March 25 Order"), except for the First Cause of Action, which it dismissed without prejudice. Tellingly, the district court struck the School's proposed language dismissing the First Cause of Action "without leave to replead in this action." *Rabbi Jacob Joseph Sch. v. Province of Mendoza*, No. 04 Civ. 9102(HB), Order at 3 (S.D.N.Y. Mar. 25, 2005) (order dismissing claims).

The School promptly appealed from the district court's March 25 Order and moved for consolidation of its appeal with the *Greylock* appeal (which is pending before this Court under docket number 05–1803). The Province opposed consolidation and sought dismissal of the School's appeal for want of jurisdiction. This Court denied the consolidation motion on the ground that this appeal seemed "premature," *Rabbi Jacob Joseph Sch. v. Province of Mendoza*, No. 05–1414, Order (2d Cir. Apr. 21, 2005) (order denying motion for consolidation), and likewise denied a renewed consolidation motion, *Greylock Global Opportunity Master Fund Ltd. v. Province of Mendoza*, Nos. 05–1414, Order (2d Cir. Sept. 6, 2005) (order denying renewed motion for consolidation). We now must decide whether the March 25 dismissal from which the School appeals is final within the meaning of 28 U.S.C. § 1291.[1]

While its appeal was pending before this Court, the School moved in the district court for certification pursuant to Fed. R.Civ.P. 54(b) to permit entry of final judgment and consolidation of its case with the pending *Greylock* appeal. Rule 54(b) provides that:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The district court referred the motion to Magistrate Judge Fox, who recommended that Judge Baer deny the School's Rule

---

**1.** Although this appeal (docket number 05–1803) is not consolidated with the *Greylock* appeal (docket number 05–1414), the Province's motion invited confusion by bearing both docket numbers and was therefore erroneously docketed under the *Greylock* docket number, 05–1414.

54(b) motion as "moot" on the basis that "the Interest Claim [i.e., the First Cause of Action] was not dismissed voluntarily" and that the March 25 Order was a "final appealable order under 28 U.S.C. § 1291." *Rabbi Jacob Joseph Sch. v. Province of Mendoza,* 04 Civ. 9102(HB) (S.D.N.Y. June 3, 2005) (Report & Recommendation) (Fox, *M.J.*). The Province filed written objections to the Report and Recommendation, to which the School responded.

Reviewing *de novo* the recommendations to which the Province objected, the district court found that the Report and Recommendation "misconstrued the requirements of the final judgment rule," sustained the Province's objections, and denied Rule 54(b) certification. *Rabbi Jacob Joseph Sch. v. Province of Mendoza,* 04 Civ. 9102(HB), Order at 1, 3 (S.D.N.Y. July 7, 2005) (order denying Rule 54(b) certification). In so ruling, the district court clarified its March 25 Order, noting that "while [it] did not explicitly cite Rule 41(a) of the Federal Rules of Civil Procedure in the March 25 Order, [the School] nevertheless submitted a proposed order, and obtained dismissal of [its] first claim voluntarily in an effort to secure an immediate appeal." *Id.* at 2. The court observed that "it is well settled in this Circuit that, in general, a plaintiff cannot appeal an adverse decision on some claims by simply voluntarily dismissing the remaining claims without prejudice." *Id.* at 2 (citing *Chappelle v. Beacon Commc'ns Corp.,* 84 F.3d 652 (2d Cir.1996); *Purdy v. Zeldes,* 337 F.3d 253 (2d Cir.2003)).

## II

■ Our jurisdiction is limited to appeals from final decisions of the district courts pursuant to 28 U.S.C. § 1291 (with certain exceptions inapplicable here). "Generally, a final order is an order of the district court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Hallock v. Bonner,* 387 F.3d 147, 152 (2d Cir. 2004) (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)).

■ Immediate appeal is available to a party willing to suffer voluntarily the district court's dismissal of the whole action *with prejudice:* "A party who loses on a dispositive issue that affects only a portion of his claims may elect to abandon the unaffected claims, invite a final judgment, and thereby secure review of the adverse ruling." *Atlanta Shipping Corp. v. Chemical Bank,* 818 F.2d 240, 246 (2d Cir.1987); *see also Chappelle v. Beacon Commc'ns. Corp.,* 84 F.3d 652, 653–54 (2d Cir.1996). This rule "furthers the goal of judicial economy by permitting a plaintiff to forgo litigation on the dismissed claims while accepting the risk that if the appeal is unsuccessful, the litigation will end." *Chappelle,* 84 F.3d at 654 (2d Cir.1996).

■ By the same token, immediate appeal is unavailable to a plaintiff who seeks review of an adverse decision on some of its claims by voluntarily dismissing the others *without prejudice.* A plaintiff who voluntarily dismisses his action without prejudice "may reinstate his action regardless of the decision of the appellate court, [so] permitting an appeal is clearly an end-run around the final judgment rule". *Palmieri v. Defaria,* 88 F.3d 136, 140 (2d Cir.1996) "[B]ecause a dismissal without prejudice does not preclude another action on the same claims, a plaintiff who is permitted to appeal following a voluntary dismissal without prejudice will effectively have secured an otherwise unavailable interlocutory appeal." *Chappelle,* 84 F.3d at 654. Tolerance of that practice would violate the long-recognized federal policy "against piecemeal appeals", *Lowry & Co.*

v. *S.S. Le Moyne D'Iberville,* 372 F.2d 123, 124 (2d Cir.1967). *See Chappelle,* 84 F.3d at 654–55 (citing with approval a panel of the Ninth Circuit in *Dannenberg v. Software Toolworks Inc.,* 16 F.3d 1073, 1076–77 (9th Cir.1994)).

 The School voluntarily dismissed without prejudice its First Cause of Action pursuant to Fed.R.Civ.P. 41(a)(2), which provides for dismissal of an action "at plaintiff's insistence ... upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2) ("Unless otherwise specified in the order, a dismissal under [Fed.R.Civ.P. 41(a)(2) ] is without prejudice."). The district court's denial of the School's Rule 54(b) motion explicitly recognizes that the dismissal of the First Cause of Action was both voluntary and without prejudice. And at oral argument of the motion to dismiss in this Court, the School expressly declined to abandon the claim with prejudice.

The School argues that the rule in *Chappelle* is prudential rather than jurisdictional. *See, e.g., Great Rivers Coop. v. Farmland Indus.,* 198 F.3d 685, 689 (8th Cir. 1999) (holding that "the question whether parties will be permitted to 'manufacture' appeals" by voluntarily dismissing their claims without prejudice "is not jurisdictional"). As a matter of prudence, the School urges that we should overlook the contrivance that brings this appeal to us, because doing so would allow this appeal to be heard in tandem with the nearly identical issues already presented to us in the *Greylock* appeal. The School's argument finds no support in the law of this Circuit and we are not persuaded by the reasoning of the circuit to which the School cites, *see Great Rivers Coop.,* 198 F.3d at 689. It may be more efficient to hear the *Greylock* appeal and this appeal simultaneously, as the School contends; then again, it might have been still more effi-

cient to have heard the School as amicus in Greylock's appeal taken from a final order. In any event, we read *Chappelle* as a jurisdictional rule, interpreting as it does the jurisdictional limitations imposed by 28 U.S.C. § 1291.

For the foregoing reasons, the Province's motion is granted and this appeal (docket number 05–1803) is dismissed. The School's motion to refer the Province's motion to dismiss to the merits panel is denied as moot.