09-4068-cv
Analect LLC v. Fifth Third Bancorp

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of June, two thousand ten.

PRESENT: JOSEPH M. McLAUGHLIN,
     CHESTER J. STRAUB,
     REENA RAGGI,
         *Circuit Judges.*

-----------------------------------------------------------------------------

ANALECT LLC,

     *Plaintiff-Counter-Defendant-Appellant*,

     v.             No. 09-4068-cv

FIFTH THIRD BANCORP, FIFTH THIRD BANK,

     *Defendants-Counter-Claimants-Appellees*,

THE CINCINNATI LIFE INSURANCE COMPANY,

     *Defendant*.

-----------------------------------------------------------------------------

APPEARING FOR APPELLANT:  THOMAS S. BIEMER (Patrick M. Northen, Dilworth Paxson LLP, Philadelphia, Pennsylvania, Gregory A. Blue, Rachel K. Marcoccia, Morgenstern & Blue, LLC, New York, New York, *on the brief*), Dilworth Paxson LLP, Philadelphia, Pennsylvania.

APPEARING FOR APPELLEES: PATRICK F. FISCHER (Daniel E. Izenson, Drew M. Hicks, Keating Muehing & Klekamp PLL, Cincinnati, Ohio, Adam L. Rosen, Lon J. Seidman, Silverman Acampora LLP, Jericho, New York, *on the brief*), Keating Muehing & Klekamp PLL, Cincinnati, Ohio.

Appeal from the United States District Court for the Eastern District of New York (Joseph F. Bianco, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on September 14, 2009, is AFFIRMED.

Plaintiff Analect LLC appeals from an award of partial summary judgment in favor of defendants Fifth Third Bancorp ("Bancorp") and Fifth Third Bank ("Fifth Third") on its claims alleging breach of contract. We review a summary judgment award de novo, viewing the facts in the light most favorable to the non-moving party. See Havey v. Homebound Mortgage, Inc., 547 F.3d 158, 163 (2d Cir. 2008). While we will not uphold an award of summary judgment in favor of the defendants if the evidence is sufficient to permit a reasonable jury to find for the plaintiff, Analect must point to more than a "scintilla" of evidence in support of its claim to defeat summary judgment. Id. (internal quotation marks omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). In applying these principles to this appeal, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Jurisdiction

"[W]e have allowed a plaintiff to appeal an adverse ruling disposing of fewer than all of its claims following the plaintiff's voluntary relinquishment of its remaining claims with prejudice." Chappelle v. Beacon Commc'ns Corp., 84 F.3d 652, 653 (2d Cir. 1996). Consistent with this holding, Analect dismissed with prejudice those of its claims that survived summary judgment before filing this appeal. Defendants, however, dismissed certain of their counterclaims without prejudice.[1] We conclude that defendants' actions do not raise a jurisdictional concern because their counterclaims for a declaration that the contract between the parties is void and/or unenforceable were brought in response to plaintiff's claims of breach. In the absence of any imminent attempt to enforce that contract – which would arise only if we were to reverse the district court's award of summary judgment – defendants' counterclaims present no "actual controversy." 28 U.S.C. § 2201(a); see generally Maryland Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941) (holding that "actual controversy" within meaning of Declaratory Judgment Act exists only where "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment"); Sheet Metal Div. of Capitol Dist. Sheet Metal, Roofing & Air Conditioning Contractors Ass'n v. Local 38 of Sheet Metal Workers Int'l Ass'n, 208 F.3d 18, 23-26 (2d Cir. 2000) (concluding that entry of declaratory judgment was premature and abuse of discretion because, inter alia,

---

[1] The remaining counterclaims were dismissed as moot.

lack of evidence indicating intent to enforce collective bargaining agreement against non-signatories rendered "[i]t . . . hard to see how the likelihood that the Clause would be directly enforced against [them] was sufficiently concrete to warrant a declaratory judgment"); cf. Starter Corp. v. Converse, Inc., 84 F.3d 592, 595 (2d Cir. 1996) (noting in trademark context that for purposes of declaratory judgment, actual controversy requires, inter alia, that "defendant's conduct create[] a real and reasonable apprehension of liability on the part of the plaintiff"). Defendants' dismissal is therefore properly understood to rest on mootness grounds and, as such, is final. See generally Altman v. Bedford Cent. Sch. Dist., 245 F.3d 49, 70 (2d Cir. 2001) ("If a claim has become moot prior to the entry of final judgment, the district court generally should dismiss the claim for lack of jurisdiction."); Whisnant v. United States, 400 F.3d 1177, 1180 (9th Cir. 2005) (noting that "dismissal for lack of subject matter jurisdiction is a final judgment" within meaning of 28 U.S.C. § 1291); Banks v. Sec'y of Ind. Family & Soc. Servs. Admin., 997 F.2d 231, 237 (7th Cir. 1993) (same). The "without prejudice" denomination means simply that defendants' counterclaims can be revived only if they cease to be moot, which would occur only if this court reverses the challenged summary judgment and reinstates plaintiff's claim. For reasons explained in the remainder of this order, we do not reverse the challenged award.

4

2.      Dismissal of Analect's Claims Against Bancorp

The district court concluded that Bancorp, the ultimate parent company of Fifth Third, was not a party to the May 29, 2001 letter agreement ("Agreement") and, therefore, could not be held liable under its terms.  Analect challenges this conclusion, arguing that because Bancorp conducts business under the registered service mark "Fifth Third Bank," it is in fact a party to the contract.  We disagree.

Under New York law,[2] "a parent corporation and its subsidiary are regarded as legally distinct entities and a contract under the corporate name of one is not treated as that of both." Carte Blanche (Sing.) Pte., Ltd. v. Diners Club Int'l, Inc., 2 F.3d 24, 26 (2d Cir. 1993); see De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 69-70 (2d Cir. 1996).  The Agreement here at issue expressly pertains to the request by "Fifth Third Bank" for "certain information from Analect LLC."  May 29, 2001 Letter Agreement.  Nowhere does the Agreement mention Bancorp.  Indeed, the only signatories to the Agreement are an officer of Fifth Third Insurance Services, Inc., a senior vice president of Fifth Third Bank (Chicago), and Analect's co-chief executive officers.  Under these circumstances, we agree that Bancorp is not a party to the Agreement.

That Bancorp may own and use the service mark "Fifth Third Bank" does not alter this conclusion, particularly given that Bancorp has no employees and – by all indications –

_____

[2] By its terms, the Agreement is to be construed in accordance with New York law.

5

had absolutely no involvement in the formation of the Agreement. Under well-established principles of corporate liability, Bancorp may be held liable under the Agreement only upon "a showing of fraud or . . . complete control" of Fifth Third by Bancorp "lead[ing] to a wrong against third parties." Carte Blanche (Sing.) Pte., Ltd. v. Diners Club Int'l, Inc., 2 F.3d at 26. Analect has not alleged, much less proved, fraud or domination. Nor does it point to any authority establishing that a parent company's ownership of a service mark used by a subsidiary is sufficient to overcome the presumption of corporate separateness. The district court therefore properly awarded summary judgment in favor of Bancorp.

3.      Analect's Claims Against Fifth Third

Because Analect dismissed with prejudice its claims that Fifth Third breached the Agreement's confidentiality provisions by using and communicating "Information" during the course of its 2004 purchase of a financial product called SVSA BOLI ("the Product"), we here consider only whether the district court properly rejected Analect's claim that Fifth Third's purchase of the Product, standing alone, was a breach of the Agreement.

To support its claim that Fifth Third could not purchase the Product without Analect's prior written consent, plaintiff points to the following contractual provision:

> We [Fifth Third] agree that, for so long as we retain or otherwise use any of the Information [provided by Analect], and for a period of five years after we return or destroy all of the Information to you in the manner provided for in the preceding paragraph, except pursuant to a specific written request from the Company [Analect], neither we, nor any of our affiliates or

6

Representatives, will (or will assist others to) develop, market, underwrite, distribute, coordinate the placement, administer or offer to any person, the Product or any product similar thereto without the prior written agreement of the Company.

May 29, 2001 Letter Agreement. Analect asserts that the provision is reasonably interpreted to preclude Fifth Third from purchasing the Product because doing so "coordinate[s the Product's] placement" and constitutes a distribution. We are not persuaded.

"A written contract will be read as a whole, . . . every part will be interpreted with reference to the whole[,] and if possible it will be so interpreted as to give effect to its general purpose." Adams v. Suozzi, 433 F.3d 220, 228 (2d Cir. 2005) (internal quotation marks omitted). Where the contract is unambiguous, "words and phrases . . . should be given their plain meaning," ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co., 564 F.3d 81, 88 (2d Cir. 2009) (ellipsis in original) (internal quotation marks omitted); see also Krumme v. WestPoint Stevens Inc., 238 F.3d 133, 139 (2d Cir. 2000), and the contract should be interpreted without the aid of extrinsic evidence, see LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp., 424 F.3d 195, 205 (2d Cir. 2005). A contract will be deemed unambiguous where its terms do not "suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." Law Debenture Trust Co. of

7

N.Y. v. Maverick Tube Corp., 595 F.3d 458, 466 (2d Cir. 2010) (internal quotation marks omitted).

Contrary to Analect's contention, the plain words used by the parties – particularly when considered in light of the Agreement's general purpose – do not manifest an intention to preclude Fifth Third from purchasing the Product for its own internal use (as opposed to resale or distribution). See Network Publ'g Corp. v. Shapiro, 895 F.2d 97, 99 (2d Cir. 1990) ("[T]he words [of a contract] . . . are always the most important evidence of the parties' intention." (second alteration in original; internal quotation marks omitted)). The first sentence in the Agreement states that "Fifth Third . . . has requested certain information from Analect . . . in connection with our consideration of acting as a potential life insurance product distributer [sic] . . . and possibly providing other services, in connection with [Analect's] distribution, either directly or indirectly through a subsidiary, of the Product." May 29, 2001 Letter Agreement. A "distributor" is "one that markets a commodity." Webster's Third New Int'l Dictionary 660 (1986). "Market," in turn, means "to expose for sale in a market" or simply to "sell." Id. at 1383. With this understanding of the Agreement's language, we have little difficulty concluding that the Agreement's purpose is to limit Fifth Third's distribution, or sale, of the Product. The Agreement evinces no concern with Fifth Third's purchase of the Product.

Viewed in this light, the provisions precluding Fifth Third from "develop[ing], . . . distribut[ing], coordinat[ing] the placement, [or] administer[ing]" the Product cannot

8

reasonably be interpreted as barring it from purchasing the Product for its internal use. May 29, 2001 Letter Agreement. Indeed, the prohibition on administering the Product is explicitly limited to situations where the Product is "administer[ed] . . . to any person." Id. Under the circumstances, this phrase clearly contemplates the provision of Product-related services to third parties, not to oneself.[3] Because New York law requires that we "enforce [the] plain meaning [of the parties' bargain], '[r]ather than rewrite an unambiguous agreement,'" Krumme v. WestPoint Stevens, Inc., 238 F.3d at 139 (third alteration in original) (quoting American Express Bank Ltd. v. Uniroyal, 164 A.D.2d 275, 277, 562 N.Y.S.2d 613, 614 (1st Dep't 1990)), we affirm the award of summary judgment in favor of Fifth Third.

4.    Conclusion

We have considered Analect's remaining arguments on appeal and conclude that they are without merit. Accordingly, the September 14, 2009 judgment of the district court is AFFIRMED.

                         FOR THE COURT:
                         CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[3] For the same reason, Analect's argument that Fifth Third breached the Agreement by allowing Clark Consulting to develop, coordinate the placement of, or administer the Product for Fifth Third is unavailing.