*Desmond Leung & Wilton Jones v. New York Univ., et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of September, two thousand twelve.

PRESENT:

>JOSÉ A. CABRANES,
>CHESTER J. STRAUB,
>PETER W. HALL,
>
>>*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DESMOND LEUNG and WILTON JONES,

>*Plaintiffs-Appellants*,

v.                                                                            No. 11-2041-cv

NEW YORK UNIVERSITY, NEW YORK UNIVERSITY MEDICAL CENTER, and NYU HOSPITAL CENTER,

>*Defendants-Appellees,*

RICHARD COHEN, DANIEL BENSIMON, JESSICA GARCIA, CAROL STRAPKAY, GINELLE ANDREWS, SABRINA STINES, and JEAN GOLDBERG,

>*Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:      UGOCHUKWU UZOH, Ugo Uzoh, P.C., Brooklyn, NY.

FOR DEFENDANTS-APPELLEES:      DAVID R. MARSHALL (Julie L. Sauer, *of counsel*),
                                Edwards Wildman Palmer LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED** for lack of jurisdiction

Plaintiffs-appellants Desmond Leung and Wilton Jones appeal from a judgment of the District Court dismissing several of their claims against defendants-appellants New York University ("NYU") and New York University Medical Center (the "Medical Center"), and Richard Cohen, Daniel Bensimon, Jessica Garcia, Carol Strapkay, Ginelle Andrews, Sabrina Stines, and Jean Goldberg (together, the "individual defendants"). We assume the parties' familiarity with the facts and procedural history of the case, which we briefly highlight below.

## Background

In their complaint, Jones and Leung alleged (1) violation of their right to be free from racial discrimination in the formation and enforcement of contracts under 42 U.S.C. § 1981 ("section 1981"), (2) discriminatory failure to promote, wrongful discharge, retaliation, and creation of a hostile work environment, in violation of (a) 42 U.S.C. § 2000e *et seq.* ("Title VII"), (b) New York State Executive Law § 296 ("NYHRL"), (c) the Administrative Code of the City of New York, § 8–107.1(a) *et seq.* ("NYCHRL"); (3) violation of rights under 42 U.S.C. § 1985; and (4) common-law claims for tortuous interference with contract, defamation, and intentional infliction of emotional distress.

By Memorandum and Order filed March 29, 2010, the District Court granted the defendants' motion to dismiss, thus dismissing all claims against NYU and the individual defendants, the section 1981 and 1985 claims,[1] the hostile-work-environment claims, and the common-law claims for tortuous interference, defamation, and intentional infliction of emotional distress. The

---

[1] We note in passing our puzzlement regarding the District Court's observation that "Section 1981 is not a substitute for an employment discrimination claim." *Leung v. New York Univ.*, No.08-cv-5150 (GBD), 2010 WL 1372541, at *6 (S.D.N.Y. Mar. 29, 2010). *Cf. Lauture v. Int'l Bus. Machines Co.*, 216 F.3d 258, 264 (2d Cir. 2000) ("Congress also intended § 1981 to apply to employment discrimination.").

dismissal order did not affect the plaintiffs' claims against the Medical Center for discriminatory failure to promote, wrongful discharge, and retaliation under Title VII, the NYHRL, and the NYCHRL. On April 13, 2010, the plaintiffs filed a motion to reconsider, which the District Court denied in an order dated October 8, 2010. In that order as well as a subsequent order dated January 14, 2011, the District Court also denied the plaintiffs' motions for leave to amend their complaint.

The plaintiffs immediately filed a notice of appeal. We dismissed the appeal for lack of jurisdiction on February 28, 2011, on the basis that the plaintiffs were not appealing a final decision as required under 28 U.S.C. § 1291. The plaintiffs then requested that the District Court dismiss their remaining Title VII claims with prejudice and their NYHRL and NYCHRL claims without prejudice, so that they might take an immediate appeal. The District Court granted this request over the defendants' objection. The District Court entered judgment on April 22, 2011, and the plaintiffs filed their second notice of appeal on May 18, 2011.

On appeal the plaintiffs seek review of the District Court's judgment only insofar as it: (1) dismissed all claims against NYU and the individual defendants; (2) dismissed the section 1981 claims; (3) dismissed the hostile work environment claims; and (4) dismissed the defamation claims. The plaintiffs also seek review of the District Court's orders denying leave to amend their complaint, but they do not appeal the District Court's judgment dismissing (1) their claims under section 1985 and (2) their common-law claims for tortuous interference with contract and intentional infliction of emotional distress.

## Discussion

The defendants argue that we lack appellate jurisdiction because the plaintiffs manufactured a final decision in the District Court by voluntarily dismissing their remaining state claims without prejudice. We agree. Plaintiffs may not elude the final-judgment rule by voluntarily dismissing claims without prejudice. *See Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 425 F.3d 207, 210 (2d Cir. 2005). Although this rule does not apply if the voluntary dismissal operates as a final adjudication, *see Slayton v. Amer. Exp. Co.*, 460 F.3d 215, 225 (2d Cir. 2006) ("[A]n appellant can render such a non-final order 'final' and appealable by disclaiming an intent to amend."), the plaintiffs have not adequately provided such assurances, instead stating their intention to keep their voluntarily dismissed claims alive, *see* Appellants' Br. 59–60 ("Plaintiffs respectfully request that . . . the Plaintiffs' state and city law claims dismissed without prejudice be reinstated . . . ."). If the plaintiffs wish to take an immediate appeal, they must dismiss their remaining claims *with prejudice. See Rabbi Jacob Joseph Sch.*, 425 F.3d at 210 ("Immediate appeal is available to a party willing to suffer voluntarily the district court's dismissal of the whole action *with prejudice*.").

3

**Conclusion**

For the foregoing reasons, this appeal is **DISMISSED** for want of jurisdiction.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court