13-2267-cv
Leung, et al. v. New York University, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 14th day of October, two thousand fourteen.

Present:    ROSEMARY S. POOLER,
            REENA RAGGI,
            PETER W. HALL,
                *Circuit Judges*.
_____

DESMOND LEUNG and WILTON JONES,

                    *Plaintiffs-Appellants*,

            v.                                              13-2267-cv

NEW YORK UNIVERSITY, NEW YORK UNIVERSITY
MEDICAL CENTER, NYU HOSPITAL CENTER,
RICHARD COHEN, DANIEL BENSIMON, JESSICA
GARCIA, CAROL STRAPKAY, GINELLE ANDREWS,
SABRINA STINES, and JEAN GOLDBERG,

                    *Defendants-Appellees*.
_____

Appearing for Appellants:    Ugochukwu Uzoh, Ugo Uzoh, P.C., Brooklyn, NY.

Appearing for Appellees:    David R. Marshall, Edwards Wildman Palmer LLP, New York,
                            NY *for* Appellees New York University, New York University
                            Medical Center, and NYU Hospital Center.

Appeal from the United States District Court for the Southern District of New York (Daniels, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED IN PART**, **VACATED IN PART**, and **REMANDED**.

Plaintiffs-appellants Desmond Leung and Wilton Jones appeal from the following orders of the United States District Court for the Southern District of New York (Daniels, *J.*): (1) the district court's March 29, 2010 order granting in part and denying in part defendants-appellees New York University ("NYU") and New York University Medical Center's ("NYUMC")[1] Motion for Partial Dismissal of the Complaint, and dismissing all claims against the remaining defendants; (2) the October 8, 2010 order of the district court denying plaintiffs' request for reconsideration of the March 29, 2010 order and denying plaintiffs leave to amend their complaint; and (3) the January 14, 2011 order of the district court denying plaintiffs' request for reconsideration of the March 29, 2010 and October 8, 2010 orders and denying plaintiffs leave to amend their complaint.[2] We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review the grant of a Rule 12(b)(6) motion to dismiss de novo, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). In addition, "[w]e review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Panther Partners, Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). Finally, we review a district court's denial of reconsideration for abuse of discretion. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011). A district court abuses its discretion when its decision: (1) rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found within the range of permissible decisions. *Id.*

Leung and Jones correctly contend that the district court improperly dismissed their claims pursuant to 42 U.S.C. § 1981, and then improperly denied reconsideration of this decision. Despite the fact that NYUMC only sought dismissal of these claims in part, the district court nevertheless dismissed these claims in their entirety, concluding that "Section 1981 is not a substitute for an employment discrimination claim." We have previously noted our "puzzlement" with this conclusion, *Leung v. New York Univ.*, 495 Fed. App'x 124, 125 n.1 (2d Cir. 2012), and we now hold that it was error. Congress "intended § 1981 to apply to employment

---

[1] We note that the parties refer to the hospital center where Leung, Jones, and their co-workers were employed both as New York University Medical Center *and* NYU Hospital Center. Although both of these entities are separately identified in the case caption, we do not understand the parties to be drawing any distinction between the two. Therefore, we refer to the primary defendant in this case, alternatively named as New York University Medical Center and NYU Hospital Center, with the abbreviation "NYUMC."

[2] Plaintiffs-appellants also initially appealed the district court's May 10, 2013 order denying relief pursuant to Rule 60(b). A previous order in this case denied this portion of the appeal as moot. *See Leung v. New York Univ.*, No. 13-2267, Dkt. No. 79 (2d Cir. Apr. 2, 2014).

discrimination" and Section 1981 "provid[es] a vehicle for every employee to remedy racial discrimination in the workplace." *Lauture v. Int'l Bus. Mach. Corp.*, 216 F.3d 258, 263, 264 (2d Cir. 2000) (internal quotation marks omitted). Similarly, despite the district court's concerns, plaintiffs' failure to point to a specific written contract outside of their employment relationship is not fatal to their claim. *See id*. at 260 (holding "that an at-will employee may sue under § 1981 for racially discriminatory termination."). In addition, "42 U.S.C. § 1981 encompasses claims of retaliation." *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 457 (2008).

Therefore, we remand plaintiffs' discrimination and retaliation claims against NYUMC pursuant to Section 1981 to the district court. In its brief, NYUMC asserts additional reasons for the dismissal of plaintiffs' Section 1981 claims, or at least a portion of these claims. We decline to consider these arguments in the first instance and leave defining the contours of these Section 1981 claims to the district court on remand. On remand, the district court should also consider the liability of the individual defendants for these Section 1981 claims, a question it previously left unaddressed. *See Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 229 (2d Cir. 2004) (setting out the requirements for individual liability under Section 1981).

With respect to plaintiffs' hostile work environment claims, we find that the district court appropriately denied and deemed futile plaintiffs' hostile work environment claims pursuant to Title VII and New York State Executive Law § 296. However, in dismissing the various hostile work environment claims in this case, the district court failed to independently address plaintiffs' hostile work environment claims pursuant to the Administrative Code of the City of New York, § 8-107.1(a) et seq. (the "NYCHRL"). Under the lower standard applicable to this provision, a "plaintiff need only demonstrate by a preponderance of the evidence that [he] has been treated less well than other employees because of [his] [race]." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (internal quotation marks omitted). Because the district court never independently addressed plaintiffs' NYCHRL hostile work environment claims, we remand for their consideration in the first instance.

We have considered the remainder of plaintiffs' arguments and find them to be without merit. To summarize, we: (1) vacate the district court's dismissal and finding of futility as to plaintiffs' Section 1981 claims for discrimination and retaliation against NYUMC, and remand for reconsideration of these claims against NYUMC and the individual defendants, and (2) vacate the district court's dismissal of plaintiffs' NYCHRL hostile work environment claims against NYUMC, and remand for consideration of these claims against NYUMC. In all other respects, the judgment of the district court is affirmed. Accordingly, the judgment of the district court hereby is AFFIRMED IN PART and VACATED IN PART, and this case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3