**YALE UNIVERSITY, Night Café, Property, a Painting, in rem, Plaintiffs–Counter–Defendants–Appellees,**

**v.**

**Pierre KONOWALOFF, Defendant–Counter–Claimant–Appellant.\***

No. 14–3899.

United States Court of Appeals, Second Circuit.

Oct. 20, 2015.

---

\* The Clerk of the Court is respectfully directed to amend the official caption as noted above.

Allan Gerson, AG International Law, Washington, DC, for Appellant.

Jonathan M. Freiman (Benjamin M. Daniels, on brief), Wiggin and Dana LLP, New Haven, CT, for Appellees.

PRESENT: CHESTER J. STRAUB, RICHARD C. WESLEY and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

In 1918, the Russian Bolshevik revolutionary government issued decrees expropriating the collections of three major Russian art collectors, including Ivan Abramovich Morozov, Plaintiff–Appellant Pierre Konowaloff's great-grandfather. Among these paintings were *Madame Cézanne in the Conservatory* by Paul Cézanne and *The Night Café* by Vincent van Gogh. The former resides at the Metropolitan Museum of Art in New York City and was the subject of this Court's decision in *Konowaloff v. Metropolitan Museum of Art*, 702 F.3d 140 (2d Cir.2012) [hereinafter "*Konowaloff I* "]. This case concerns the dispute over ownership of the latter painting between the plaintiff in that case and Yale University, in whose possession *The Night Café* ("the Painting") has been since 1961. We assume the parties' familiarity with the historical facts, as explained in *Konowaloff I*, and with the record below, which we reference only as necessary to explain our decision.

Konowaloff first appeals from the District Court's published opinion, dated March 20, 2014, granting Yale University's motion for summary judgment on his counterclaims. *See Yale Univ. v. Konowaloff*, 5 F.Supp.3d 237 (D.Conn.2014). He argues principally that the District Court erred in concluding that the act of state doctrine, as applied in *Konowaloff I*, bars this action, because he has now "abandoned any claim to the Painting on the grounds that the confiscation of cultural property in 1918 was illegal." Appellant Br. 6. This argument fails for two reasons.

■ First, despite his characterization of his claims to this Court, Konowaloff's amended answer and counterclaims in the District Court are rife with references to the expropriation being an illegal act of theft. Second, even if we were to take his statement of abandonment to this Court as binding as we are entitled to do, *see Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir.1994), the result is that Konowaloff has accepted the validity of the 1918 expropriation and thus admitted any legal claim or interest he has in the Painting was extinguished at that time. Absent a claim to an existing interest in the Painting, Konowaloff has no standing to assert any of the counterclaims brought in the District Court. *See Konowaloff I*, 702 F.3d at 147 (holding Konowaloff had no standing to challenge "any sale or other treatment of the [Cézanne] Painting after 1918"); *see also, e.g., Loewenberg v. Wallace*, 147 Conn. 689, 692, 166 A.2d 150 (1960) (observing that plaintiff needs to allege legal

title or some legal interest in property to have standing in quiet title action). Thus, the District Court appropriately granted Yale's motion for summary judgment on Konowaloff's counterclaims.

Konowaloff next argues that the District Court should have considered the question of title regardless of the act of state doctrine. In part, Konowaloff contends that the District Court erred in granting Yale's motion for voluntary dismissal of its affirmative claims without prejudice—a motion to which he consented, *see* Joint App'x 329. Though neither party has challenged our jurisdiction to hear this appeal, "we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte.*" *Joseph v. Leavitt,* 465 F.3d 87, 89 (2d Cir.2006).

Our Circuit is clear that we generally do not have jurisdiction over appeals from plaintiffs following a voluntary dismissal without prejudice. *See, e.g., Rabbi Jacob Joseph Sch. v. Province of Mendoza,* 425 F.3d 207, 210 (2d Cir.2005); *Empire Volkswagen Inc. v. World–Wide Volkswagen Corp.,* 814 F.2d 90, 94 (2d Cir.1987). We have not addressed whether jurisdiction lies when a defendant consents to such a dismissal. *Cf. Ali v. Fed. Ins. Co.,* 719 F.3d 83, 89 (2d Cir.2013) ("Because the invitation to dismiss must be designed only to secure immediate appellate review of an adverse decision, parties cannot appeal a joint stipulation to voluntary dismissal, entered unconditionally by the court pursuant to a settlement agreement." (internal quotation marks omitted)). However, in comparable circumstances, a prior panel of this Court concluded that where a party's counterclaims became moot following summary judgment, voluntary dismissal without prejudice did not deprive our Court of appellate jurisdiction. *See Analect LLC v. Fifth Third Bancorp,* 380 Fed.Appx. 54, 55–56 (2d Cir.2010) (summary order). There, as here, the dismissed claim presented no "actual controversy" because the prior summary judgment order resolved the dispute. *See id.* at 56. Though *Analect* is of course not binding precedent, we agree with its reasoning and therefore similarly conclude we possess jurisdiction in this case.

Although Konowaloff's consent does not deprive us of jurisdiction, it does prevent him from challenging the entry of voluntary dismissal. Parties who consent to an order of the District Court cannot be heard to argue error on appeal. *Cf. Zahorik v. Cornell Univ.,* 729 F.2d 85, 91 (2d Cir.1984). In any event, we review for abuse of discretion orders granting voluntary dismissal, *see Kwan v. Schlein,* 634 F.3d 224, 230 (2d Cir.2011), and in light of our conclusion above in favor of Yale on Konowaloff's mirror-image counterclaims, we cannot conclude that voluntary dismissal of Yale's quiet title action constituted such an abuse in this case.

We have considered Konowaloff's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the District Court is **AFFIRMED.**