14-3899
*Yale University v. Konowaloff*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of October, two thousand fifteen.

PRESENT:   CHESTER J. STRAUB,
                    RICHARD C. WESLEY,
                    DEBRA ANN LIVINGSTON,
                            *Circuit Judges.*

_____

YALE UNIVERSITY, NIGHT CAFÉ, Property, a Painting, *in rem*,

                         *Plaintiffs-Counter-Defendants-Appellees,*

         -v.-                                                    14-3899

PIERRE KONOWALOFF,

                         *Defendant-Counter-Claimant-Appellant.*\*

_____

\* The Clerk of the Court is respectfully directed to amend the official caption as noted above.

1

FOR APPELLANT:     ALLAN GERSON, AG International Law, Washington, DC.

FOR APPELLEES:     JONATHAN M. FREIMAN (Benjamin M. Daniels, *on brief*), Wiggin and Dana LLP, New Haven, CT.

Appeal from the United States District Court for District of Connecticut (Alvin W. Thompson, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is **AFFIRMED**.

In 1918, the Russian Bolshevik revolutionary government issued decrees expropriating the collections of three major Russian art collectors, including Ivan Abramovich Morozov, Plaintiff-Appellant Pierre Konowaloff's great-grandfather. Among these paintings were *Madame Cézanne in the Conservatory* by Paul Cézanne and *The Night Café* by Vincent van Gogh. The former resides at the Metropolitan Museum of Art in New York City and was the subject of this Court's decision in *Konowaloff v. Metropolitan Museum of Art*, 702 F.3d 140 (2d Cir. 2012) [hereinafter "*Konowaloff I*"]. This case concerns the dispute over ownership of the latter painting between the plaintiff in that case and Yale University, in whose possession *The Night Café* ("the Painting") has been since 1961. We assume the parties' familiarity with the historical facts, as explained in *Konowaloff*

2

*I*, and with the record below, which we reference only as necessary to explain our decision.

Konowaloff first appeals from the District Court's published opinion, dated March 20, 2014, granting Yale University's motion for summary judgment on his counterclaims. *See Yale Univ. v. Konowaloff*, 5 F. Supp. 3d 237 (D. Conn. 2014). He argues principally that the District Court erred in concluding that the act of state doctrine, as applied in *Konowaloff I*, bars this action, because he has now "abandoned any claim to the Painting on the grounds that the confiscation of cultural property in 1918 was illegal." Appellant Br. 6. This argument fails for two reasons.

First, despite his characterization of his claims to this Court, Konowaloff's amended answer and counterclaims in the District Court are rife with references to the expropriation being an illegal act of theft. Second, even if we were to take his statement of abandonment to this Court as binding as we are entitled to do, *see Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994), the result is that Konowaloff has accepted the validity of the 1918 expropriation and thus admitted any legal claim or interest he has in the Painting was extinguished at that time. Absent a claim to an existing interest in the Painting, Konowaloff has

3

no standing to assert any of the counterclaims brought in the District Court. *See Konowaloff I*, 702 F.3d at 147 (holding Konowaloff had no standing to challenge "any sale or other treatment of the [Cézanne] Painting after 1918"); *see also, e.g., Loewenberg v. Wallace*, 147 Conn. 689, 692 (1960) (observing that plaintiff needs to allege legal title or some legal interest in property to have standing in quiet title action). Thus, the District Court appropriately granted Yale's motion for summary judgment on Konowaloff's counterclaims.

Konowaloff next argues that the District Court should have considered the question of title regardless of the act of state doctrine. In part, Konowaloff contends that the District Court erred in granting Yale's motion for voluntary dismissal of its affirmative claims without prejudice—a motion to which he consented, *see* Joint App'x 329. Though neither party has challenged our jurisdiction to hear this appeal, "we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006).

Our Circuit is clear that we generally do not have jurisdiction over appeals from plaintiffs following a voluntary dismissal without prejudice. *See, e.g., Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 425 F.3d 207, 210 (2d Cir. 2005); *Empire*

4

*Volkswagen Inc. v. World-Wide Volkswagen Corp.*, 814 F.2d 90, 94 (2d Cir. 1987). We have not addressed whether jurisdiction lies when a defendant consents to such a dismissal. *Cf. Ali v. Fed. Ins. Co.*, 719 F.3d 83, 89 (2d Cir. 2013) ("Because the invitation to dismiss must be designed only to secure immediate appellate review of an adverse decision, parties cannot appeal a joint stipulation to voluntary dismissal, entered unconditionally by the court pursuant to a settlement agreement." (internal quotation marks omitted)). However, in comparable circumstances, a prior panel of this Court concluded that where a party's counterclaims became moot following summary judgment, voluntary dismissal without prejudice did not deprive our Court of appellate jurisdiction. *See Analect LLC v. Fifth Third Bancorp*, 380 F. App'x 54, 55–56 (2d Cir. 2010) (summary order). There, as here, the dismissed claim presented no "actual controversy" because the prior summary judgment order resolved the dispute. *See id.* at 56. Though *Analect* is of course not binding precedent, we agree with its reasoning and therefore similarly conclude we possess jurisdiction in this case.

Although Konowaloff's consent does not deprive us of jurisdiction, it does prevent him from challenging the entry of voluntary dismissal. Parties who consent to an order of the District Court cannot be heard to argue error on

5

appeal.  *Cf. Zahorik v. Cornell Univ.*, 729 F.2d 85, 91 (2d Cir. 1984).  In any event,

we review for abuse of discretion orders granting voluntary dismissal, *see Kwan*

*v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011), and in light of our conclusion above in

favor of Yale on Konowaloff's mirror-image counterclaims, we cannot conclude

that voluntary dismissal of Yale's quiet title action constituted such an abuse in

this case.

   We have considered Konowaloff's remaining arguments and find them to

be without merit.  For the reasons stated above, the judgment of the District

Court is **AFFIRMED**.


                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk