19-3210-cv
*Lamberty v. Connecticut State Police Union*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of October, two thousand twenty.

PRESENT:   JOHN M. WALKER, JR.,
            PIERRE N. LEVAL,
            JOSEPH F. BIANCO,
                        *Circuit Judges.*

---

MARC LAMBERTY, JOSEPH MERCER, CARSON KONOW, COLLIN KONOW,

            *Plaintiffs-Appellants*,                    19-3210-cv


                    v.


CONNECTICUT STATE POLICE UNION, KEVIN LEMBO, Comptroller, State of Connecticut, SANDRA FAE BROWN-BREWTON, Undersecretary for the Office of Labor Relations, State of Connecticut, MELISSA MCCAW, Secretary of Office of Labor Policy and Management, State of Connecticut,

            *Defendants-Appellees*,


BENJAMIN BARNES, Secretary of Office of Policy and Management, State of Connecticut, LISA GRASSO

EGAN, Undersecretary of Labor Relations for the Office of Labor Relations, State of Connecticut,

*Defendants*.

---

For Plaintiffs-Appellants:

W. JAMES YOUNG, National Right to Work Legal, Springfield, VA.

For Defendants-Appellees:

TODD STEIGMAN, Madsen, Prestley & Parenteau, LLC, *for* Defendant-Appellee Connecticut State Police Union, Inc., Hartford, CT.

CLARE KINDALL, Connecticut Solicitor General (Richard T. Sponzo, Connecticut Assistant Attorney General, *on the brief*), *for* William Tong, Connecticut Attorney General, *for* Defendant-Appellees Connecticut State Police Union; Kevin Lembo, Comptroller, State of Connecticut; Sandra Fae Brown-Brewton, Undersecretary for the Office of Labor Relations, State of Connecticut; and Melissa McCaw, Secretary of Office of Labor Policy and Management, State of Connecticut, Hartford, CT.

On appeal from the United States District Court for the District of Connecticut (Bolden, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of jurisdiction.

Plaintiffs-Appellants Marc Lamberty, Joseph Mercer, Carson Konow, and Collin Konow, who are all current or retired Connecticut State Troopers, appeal from the district court's October 19, 2018 decision denying their motion for summary judgment and September 6, 2019 order denying their request for attorneys' fees.

Appellants initiated this lawsuit alleging that defendants-appellees, particularly, defendant-appellee Connecticut State Police Union ("the Union"), injured them by deducting "agency fees" from their pay in violation of their rights under the First and Fourteenth Amendments to the United States Constitution. After appellants filed this action, the Supreme Court decided *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 (2018). In *Janus*, the Supreme Court overruled its prior decision in *Abood v. Detroit Board of Education*, 431 U.S. 209 (1977) and held that the First Amendment prohibited public employers (such as the State of Connecticut) from withholding agency fees from employees who declined to join their respective collective bargaining union. *See Janus*, 138 S. Ct. at 2460. After *Janus* was decided, appellees stopped collecting agency fees. The parties then attempted to settle the case, but, after they were unable to come to an agreement, appellants opted to file a motion for summary judgment. The Union then refunded to appellants the full amounts in past agency fees that had been collected, plus interest.

On October 19, 2018, the district court denied appellants' motion for summary judgment, noting that the issue was moot because appellees had stopped collecting the disputed fees and had agreed to return the previously collected fees that appellants requested, plus interest. The district court denied appellants' motion without prejudice, noting that the motion could be re-filed in the event that the Union attempted to re-introduce agency fees or failed to adequately reimburse appellants for the agency fees previously collected. The district court then directed the clerk to "administratively close" the case and set a schedule for any motion by appellants for an award of attorneys' fees and costs. Joint App'x at 316.

About a month later, on November 16, 2018, appellants filed a motion for attorneys' fees and costs. On September 6, 2019, the district court denied that motion. The court held that appellants were not entitled to an award of attorneys' fees because they did not qualify as

3

"prevailing parties" under the standard established by the Supreme Court in *Buckhannon Board &*
*Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598
(2001).  Appellants then appealed on October 4, 2019.

On appeal, appellants assert that the district court incorrectly held that the case was moot
because it had not yet ruled on their claim for declaratory judgment.  Appellants also contend that
they were the "prevailing parties," and therefore, that the district court improperly denied their
request for attorneys' fees.  Appellees argue that appellants cannot challenge the district court's
2018 summary judgment decision because the appeal is untimely, and that, in any event, the district
court properly held the case was moot and that appellants were not entitled to attorneys' fees.

**DISCUSSION**

Having reviewed the record, we find that there has been no final, appealable judgment
entered in the district court.  Therefore, we do not have jurisdiction over this appeal and must
remand to the district court for further proceedings.

Our jurisdiction is limited to appeals from final decisions of the district courts pursuant to
28 U.S.C. § 1291, with certain exceptions inapplicable here.  "Generally, a final order is an order
of the district court that ends the litigation on the merits and leaves nothing for the court to do but
execute the judgment."  *Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 425 F.3d 207, 210 (2d
Cir. 2005) (quotation marks omitted).  "Ultimately, appealability turns on what has been ordered,
not how it has been described by the district court."  *Mead v. Reliastar Life Ins. Co.*, 768 F.3d 102,
109 (2d Cir. 2014) (quotation marks and brackets omitted); *see also Dudley v. Penn-Am. Ins.*
*Co.*, 313 F.3d 662, 668 (2d Cir. 2002) (Sotomayor, *J.*, concurring) ("The determination of whether
a final judgment has been rendered is made by examining the record of the case both for the

necessary elements of such a judgment . . . and for the court's intent that its ruling represent the final disposition of the case.").

The district court's October 2018 summary judgment decision was not final—thus, we have no jurisdiction to review that decision nor, by extension, its 2019 attorneys' fees decision. First, in the 2018 summary judgment order, the district court denied appellants' motion for summary judgment, and denial of a summary judgment motion is ordinarily not a final, appealable decision. *Catone v. Spielmann*, 149 F.3d 156, 159 (2d Cir. 1998) ("The denial of summary judgment ordinarily is an interlocutory order that is not immediately reviewable, because it is not a final decision under 28 U.S.C. § 1291."). After the denial of appellants' summary judgment motion on mootness grounds, appellees never filed a motion to dismiss the case on that same ground.

Second, although the district court issued an order directing the clerk to "administratively close" the case, Joint App'x at 316, an administrative closure, alone, does not suffice to constitute a final judgment. *United States v. 27.09 Acres of Land*, 1 F.3d 107, 111 (2d Cir. 1993) (holding that a final judgment had not been entered despite the district court's closing of the case "administratively for statistical purposes" (quotation marks omitted)); *see also Filanto, S.p.A. v. Chilewich Int'l Corp.*, 984 F.2d 58, 61 (2d Cir. 1993) (noting there is "no jurisdictional significance to [a] docket entry marking [a] case as 'closed,' which we will assume was made for administrative or statistical convenience"); *Mead*, 768 F.3d at 111 ("[T]he district court's . . . directive to close the case [is] insufficient to vest this Court with jurisdiction under § 1291." (quotation marks omitted)).

Third, in the summary judgment decision, the district court wrote that "there is nothing for this Court to order Defendants to do *now*," *Lamberty v. Connecticut State Police Union*, No.

15cv378, 2018 WL 5115559, at *9 (D. Conn. Oct. 19, 2018) (emphasis added), which can be read as indicating that there may have been more proceedings contemplated by the court to potentially come *later*, especially in light of the court's decision to "administratively close" the case rather than to formally dismiss the complaint (which would ordinarily accompany a mootness determination). This reading of the court's order as leaving open the possibility of further proceedings (beyond an application for attorneys' fees) is buttressed by the court's decision to deny the motion "without prejudice to renewal in the event there is an effort to reintroduce agency fees and to the extent [appellants] have not been adequately reimbursed for past agency fees already imposed." *Id.* at *10. In short, we see no indication that a final order has been entered in this case.

Finally, appellants have noted that, with respect to the issue of mootness, the district court also did not issue a final judgment regarding their separate request for a declaratory judgment. Thus, on remand, the district court will also need to formally address that claim. *See, e.g.*, *Castine v. Zurlo*, 756 F.3d 171, 178 (2d Cir. 2014) (remanding for determination by the district court as to whether declaratory judgment claim was moot).

In sum, we have no jurisdiction at this juncture to consider an appeal of the October 2018 summary judgment decision or the subsequent 2019 attorneys' fees decision. *See Ellender v. Schweiker*, 781 F.2d 314, 317 (2d Cir. 1986) ("[A]n award of attorneys' fees pursuant to a statutory provision allowing such an award is considered to be collateral to the merits of the case . . . .").

Accordingly, the appeal is **DISMISSED** for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6