Aleta CHAPPELLE, Plaintiff–Appellant,

v.

BEACON COMMUNICATIONS CORP., Beacon Films, Inc., Ghiznost Productions, Inc. and Gregory Brown, Defendants–Appellees.

No. 1177, Docket 95–7895.

United States Court of Appeals,
Second Circuit.

Argued March 19, 1996.

Decided May 29, 1996.

Robert J. Berman, Hackensack, New Jersey, for Plaintiff–Appellant.

Andrew J. Boling, New York City (Baker & McKenzie, New York City, of counsel), for Defendants–Appellees.

Before FEINBERG, CARDAMONE, and MAHONEY, Circuit Judges.

MAHONEY, Circuit Judge:

Plaintiff-appellant Aleta Chappelle appeals from an order entered November 15, 1993 in the United States District Court for the Southern District of New York, Michael B. Mukasey, *Judge*, insofar as it dismissed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Chappelle's claims against defendants-appellees Beacon Communications Corp. ("Beacon") and Ghiznost Productions, Inc. ("Ghiznost")[1] for sexual discrimination under New York Executive Law § 296(1)(a), assault, and intentional infliction of emotional distress. Because Chappelle has consented to the dismissal of her action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure,[2] she

---

1. Although a "Beacon Films, Inc." is listed as a defendant-appellee in the caption, no such entity exists. Additionally, Gregory Brown, a defendant in this action who is listed as a defendant-appellee in the caption, was not a party to the district court's November 15, 1993 order and is not involved in this appeal. That order decided motions to dismiss that were made only by Beacon and Ghiznost, and not by Brown. Leon Ichaso and Rudy Langlais were initially named

as defendants, but the action has been dismissed as to them.

2. Rule 41(a) provides:

**(a) Voluntary Dismissal: Effect Thereof.**

**(1) By Plaintiff; by Stipulation.** Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without an order

may not appeal the district court's order. Accordingly, Chappelle's appeal is dismissed for want of appellate jurisdiction.

## Background

Chappelle, while engaged in the production of a movie on behalf of Beacon and Ghiznost, was allegedly sexually harassed by Brown, Ichaso, and Langlais, who were also involved in that production. Following the alleged incidents of harassment, Chappelle terminated her engagement and commenced this action. Chappelle's complaint alleged various causes of action under New York, California, and federal law.

Beacon and Ghiznost moved to dismiss the claims against them for failure to state a claim upon which relief can be granted. By order entered November 15, 1993, the district court granted the motion in part, dismissing some, but not all, of Chappelle's claims against Beacon and Ghiznost. *See Chappelle v. Beacon Communications Corp.*, 92 Civ. 8987 (MBM), 1993 WL 465312 (S.D.N.Y. Nov. 10, 1993). This case was subsequently transferred to the Honorable Deborah A. Batts, who dismissed Chappelle's claims against Ichaso for lack of diversity jurisdiction. *See Chappelle v. Beacon Communications Corp.*, 863 F.Supp. 179 (S.D.N.Y.1994).

Wishing to pursue a unified action against all of the initial defendants in state court, *see supra* note 1, Chappelle requested a voluntary dismissal of her action without prejudice pursuant to Rule 41(a)(2), *see supra* note 2. By order entered May 10, 1995, and amended August 16, 1995, the district court dismissed Chappelle's action without prejudice. The court's amended order stated that "as a consequence of this voluntary dismissal, [the order entered on November 15, 1993] shall become a final and appealable judgment."

Chappelle then filed the instant appeal, seeking reinstatement of the state law claims dismissed by the district court's November 15, 1993 order.

## Discussion

We have recognized a number of circumstances in which a plaintiff may appeal following the voluntary dismissal of his or her action. "When the dismissal is with prejudice, ... plaintiffs have been allowed, in limited circumstances, to appeal from a voluntary dismissal when the plaintiffs' 'solicitation of the formal dismissal was designed only to expedite review of [a prior] order which had in effect dismissed [plaintiffs'] complaint.'" *Empire Volkswagen, Inc. v. World–Wide Volkswagen Corp.*, 814 F.2d 90, 94 (2d Cir. 1987) (quoting *Raceway Properties, Inc. v. Emprise Corp.*, 613 F.2d 656, 657 (6th Cir. 1980) (per curiam) (alterations in *Empire Volkswagen* )); *cf. United States v. Procter & Gamble Co.*, 356 U.S. 677, 680–81, 78 S.Ct. 983, 985–85, 2 L.Ed.2d 1077 (1958) (government solicited dismissal of complaint for refusal to obey order to produce grand jury minutes, appeal from order to produce allowed); *Bradley v. United States*, 936 F.2d 707, 709 (2d Cir.1991) (defendants in suit by government to collect tax penalties entered into stipulation to forgo trial of and abandon defense of factual issues, immediate appeal of sole contested legal issue allowed).

Similarly, we have allowed a plaintiff to appeal an adverse ruling disposing of fewer than all of its claims following the plaintiff's voluntary relinquishment of its remaining claims with prejudice. In *Empire Volkswagen*, for example, the district court dismissed most of plaintiffs' claims in a summary judgment ruling. The plaintiffs voluntarily dismissed their remaining claims

of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the

United States or of any state an action based on or including the same claim.

(2) **By Order of Court.** Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

with prejudice, and we allowed an appeal from the summary judgment. 814 F.2d at 94; *see also Atlanta Shipping Corp. v. Chemical Bank*, 818 F.2d 240, 246 (2d Cir. 1987) ("A party who loses on a dispositive issue that affects only a portion of his claims may elect to abandon the unaffected claims, invite a final judgment, and thereby secure review of the adverse ruling.").

In all these cases, however, there was either a dismissal with prejudice or its equivalent. Here, by contrast, Chappelle voluntarily dismissed her action *without prejudice*. *Empire Volkswagen* and *Atlanta Shipping Corp.* did not discuss whether the availability of an appeal of a ruling disposing of some but not all of a plaintiff's claims turns upon the fact that the dismissal of the remaining claims is with prejudice. The other courts of appeals are in disagreement over this question, with several of them displaying intra-circuit conflicts. *Compare Chrysler Motors Corp. v. Thomas Auto Co.*, 939 F.2d 538, 540 (8th Cir.1991) (allowing party to appeal adjudicated claims following Rule 41(a) voluntary dismissal of unadjudicated claims without prejudice); *Hicks v. NLO, Inc.*, 825 F.2d 118, 120 (6th Cir.1987) (per curiam) (same); *Studstill v. Borg Warner Leasing*, 806 F.2d 1005, 1007–08 (11th Cir.1986) (per curiam) (same); *Division 241 Amalgamated Transit Union v. Suscy*, 538 F.2d 1264, 1266 & n. 1 (7th Cir.) (per curiam) (same), *cert. denied*, 429 U.S. 1029, 97 S.Ct. 653, 50 L.Ed.2d 632 (1976), *with Mesa v. United States*, 61 F.3d 20, 22 & n. 5 (11th Cir.1995) (questioning *Studstill* and refusing to allow appeal); *Dannenberg v. Software Toolworks Inc.*, 16 F.3d 1073, 1078 (9th Cir.1994) (dismissing appeal for lack of appellate jurisdiction when unadjudicated claim voluntarily dismissed without prejudice); *Cook v. Rocky Mountain Bank Note Co.*, 974 F.2d 147, 148 (10th Cir.1992) (same); *Horwitz v. Alloy Automotive Co.*, 957 F.2d 1431, 1435–36 (7th Cir.1992) (same); *and Fassett v. Delta Kappa Epsilon (New York)*, 807 F.2d 1150, 1155 (3d Cir.1986) (al-

lowing appeal of adverse summary judgment dismissing some of plaintiffs' claims only when remaining claims had been "voluntarily and finally abandoned"), *cert. denied*, 481 U.S. 1070, 107 S.Ct. 2463, 95 L.Ed.2d 872 (1987). *Cf. DuBose v. Minnesota*, 893 F.2d 169, 171 (8th Cir.1990) (dismissal of some of plaintiff's claims without prejudice for failure to prosecute, pursuant to Fed.R.Civ.P. 41(b), did not render appealable prior adverse decision on plaintiff's other claims); *Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 302–03 (5th Cir.1978) (voluntary dismissal without prejudice of portion of complaint did not render appealable prior dismissal of another portion for failure to state a claim).

We agree with those courts that have precluded an appeal from a dismissal of some of a plaintiff's claims when the balance of his claims have been dismissed without prejudice pursuant to a Rule 41(a) dismissal of the action.[3] A plaintiff's attempt to appeal a prior adverse determination following the dismissal of his remaining claims without prejudice necessarily implicates the policies of the final judgment rule. Allowing such an appeal following a voluntary dismissal with prejudice, as in *Empire Volkswagen* and *Atlanta Shipping Corp.*, furthers the goal of judicial economy by permitting a plaintiff to forgo litigation on the dismissed claims while accepting the risk that if the appeal is unsuccessful, the litigation will end. By contrast, because a dismissal without prejudice does not preclude another action on the same claims, a plaintiff who is permitted to appeal following a voluntary dismissal without prejudice will effectively have secured an otherwise unavailable interlocutory appeal. As the Ninth Circuit explained:

> If a litigant could refuse to proceed whenever a trial judge ruled against him, wait for the court to enter a dismissal [pursuant to Rule 41], and then obtain review of the judge's interlocutory decision, the policy against piecemeal litigation and review would be severely weakened.

---

**3.** It is appropriate to take a practical view of the dismissal. In *Fassett*, for example, the district court dismissed the plaintiffs' claims against all but one defendant. The plaintiffs then stipulated to the dismissal of their claim against that defendant without prejudice. An appeal of the prior

dismissal was nonetheless allowed, because the statute of limitations had run against the claim dismissed without prejudice. Thus, although nominally dismissed "without prejudice," that claim had been "voluntarily and finally abandoned." 807 F.2d at 1155.

This procedural technique would in effect provide a means to avoid the finality rule embodied in 28 U.S.C. § 1291.

*Dannenberg,* 16 F.3d at 1076–77 (internal quotations omitted, alteration added).

### Conclusion

The appeal is dismissed for want of appellate jurisdiction.