107 F.3d 4
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Feliks SADOWSKI, Plaintiff-Appellant,
v.
TECHNICAL CAREER INSTITUTES, INC.; and Does I, II, III, IV,
and V, Defendants-Appellees.
 No. 96-7936.
 United States Court of Appeals, Second Circuit.
 Feb. 12, 1997.
 
 1
 Appearing for Appellant: Feliks Sadowski, pro se, Rutherford, New Jersey.
 
 
 2
 Appearing for Appellees: Scott T. Baken, Jackson Lewis Schnitzler & Krupman, New York, New York.
 
 
 3
 Appeal from the United States District Court for the Southern District of New York (Leisure, Judge ).
 
 
 4
 Present: CARDAMONE, WINTER, Circuit Judges, and WARD, District Judge.*
 
 
 5
 Feliks Sadowski, pro se, appeals from Judge Leisure's dismissal of his action against Technical Career Institutes ("TCI") and Does I, II, III, IV, and V (unnamed employees or other agents of TCI). Sadowski sued appellees for breach of contract, defamation, and fraudulent inducement, claims that all arise from TCI's termination of Sadowski from a teaching position at TCI. We dismiss Sadowski's appeal for lack of appellate jurisdiction because the judgment below is not a final judgment under 28 U.S.C. § 1291.
 
 
 6
 The district court granted summary judgment in favor of appellees on two out of the three claims brought by Sadowski, the actions for defamation and fraudulent inducement. Subsequently, Sadowski requested the voluntary dismissal of his breach of contract claim, which the district court granted pursuant to Fed.R.Civ.P. 41(a)(2). We held in Chappelle v. Beacon Communications Corp., 84 F.3d 652, 654 (2d Cir.1996), that a party cannot "appeal from a dismissal of some of [his] claims when the balance of his claims have been dismissed without prejudice pursuant to a Rule 41(a) dismissal of the action." Although Judge Leisure's dismissal under Rule 41(a)(2) of Sadowski's contract claim is silent on the issue of prejudice, the text of Rule 41(a)(2) states: "Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."
 
 
 7
 In Chappelle, we noted a possible exception to the rule requiring dismissal for lack of appellate jurisdiction if the outstanding claim--dismissed without prejudice--was nonetheless effectively abandoned because the statute of limitations had run. Chappelle, 84 F.3d at 654 n. 3 (citing Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1155 (3d Cir.1986), cert. denied, 481 U.S. 1070 (1987)). In the instant case, Sadowski's breach of contract claim was interpreted by the district court to include a claim under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. The applicable statute of limitations is borrowed from the most analogous state statute of limitations. See Held v. Manufacturers Hanover Leasing Corp., 912 F.2d 1197 (10th Cir.1990); see also Larsen v. NMU Pension Trust, 902 F.2d 1069, 1073 (2d Cir.1990). Because Sadowski's complaint includes a claim for payment of benefits, the applicable statute of limitations is the six-year limitations period of N.Y. Civ. Prac. L. & R. § 213(2), which governs breach of contract actions. See Held, 912 F.2d at 1206-07. Sadowski was terminated in June 1991, and the limitations period on his breach of contract claim has not expired. Therefore, the exception noted in Chappelle does not apply, and Sadowski's interlocutory appeal must be dismissed for lack of appellate jurisdiction.
 
 
 
 *
 The Honorable Robert J. Ward of the United States District Court for the Southern District of New York, sitting by designation