**TIME WARNER CABLE OF NEW YORK CITY, a division of Time Warner Entertainment Company, L.P., Plaintiff—Appellee,**

v.

**Omar ANSARI, Defendant–Counter–Defendant–Appellant.**

**Docket No. 02–7481.**

United States Court of Appeals, Second Circuit.

May 15, 2003.

Omar Ansari, Elmhurst, NY, on Submission for Appellant, pro se.

Patrick J. Sullivan (Daniel J. Lefkowitz, Shaun K. Hogan, Lefkowitz, Louis & Sullivan, L.L.P.), Jericho, NY, for Appellee, of counsel.

Present: MESKILL, JACOBS, and SOTOMAYOR, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Appeal be, and it hereby is, **DISMISSED.**

Omar Ansari purports to appeal from a stipulation of dismissal with prejudice of any and all existing or potential claims between Ansari and Time Warner Cable of New York City ("Time Warner").

In September 2001, Time Warner filed a complaint alleging that Ansari intercepted Time Warner's cable television programming services, without authorization, using a "pirate" cable television descrambling device in violation of the Communications Act, 47 U.S.C. §§ 553, 605. It appears that such a box was delivered to one Sajid Ansari, defendant's son, at the address Ansari and his son then shared. Ansari filed a counterclaim for defamation, alleging that Time Warner had falsely portrayed him as "a thief," and for infliction of emotional distress caused by the filing of the lawsuit against him.

The parties have executed a stipulation of discontinuance, agreeing to dismissal with prejudice, which was "so ordered" by Judge Trager on March 25, 2002.

On appeal, Ansari argues that the district court erred in failing to award him compensation on his counterclaim. Ansari asserts that the stipulation was "masterminded" by Time Warner, and that the failure to award Ansari damages renders the stipulation unconstitutional.

■ This Court has recognized limited circumstances in which a party can appeal following a voluntary dismissal with prejudice: "when the plaintiffs' 'solicitation of the formal dismissal was designed only to expedite review of [a prior] order which had in effect dismissed [plaintiffs'] complaint,' " *Chappelle v. Beacon Communications Corp.*, 84 F.3d 652, 653 (2d Cir.1996) (alterations in original) (quoting *Empire Volkswagen, Inc. v. World–Wide Volkswagen Corp.*, 814 F.2d 90, 94 (2d Cir. 1987)), and when "an adverse ruling dispos[ed] of fewer than all of [the plaintiff's] claims following the plaintiff's voluntary relinquishment of its remaining claims with prejudice." *Id.*

■ In this case, however, the court decided no issue and entered no prior order from which an appeal could be taken; the court entered only a dismissal of all claims pursuant to a stipulation. The only issues raised by Ansari on this appeal are matters that were voluntarily dismissed. Moreover, even if the parties' agreement to dismiss their claims were construed as a settlement agreement, settlement agreements are contracts, which could be invalidated only upon a showing of fraud, duress, illegality, or mutual mistake. *See Janneh v. GAF Corp.*, 887 F.2d 432, 436 (2d Cir.1989) ("A settlement is a contract . . . ."), *abrogated on other grounds by Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994). Ansari's conclusory assertion that the stipulation was the result of "manifest deception" is insufficient. Accordingly, the stipulation of dismissal is unreviewable.

For the foregoing reasons, Ansari's appeal is hereby **DISMISSED.**