**Ronald BALLARD, Plaintiff–Appellant,**

Amanallah **ESMAILZADEH,**
Petitioner–Appellant,

v.

Thomas **MADDEN,** Assistant Correctional Administrator at the Orange County Jail in his official capacity, Coleman Rothmond, In his official capacity at the Orange County Jail and individually, Daniel Persell, Correction officer, in his official capacity at the Orange County Jail and individually, Lee Rywalt, In his official capacity at the Orange County jail and individually, Lawrence Catletti, In his official capacity at the Orange County Jail and individually & David Conklin, Former Sgt., in his official capacity at the Orange County Jail and individually, Defendants–Appellees,

Immigration and Naturalization Service, Respondent–Appellee,

City of Newburgh, Theodore Warden of Orange County Jail, John Does Correction Officers, SGT. John Doe & Francis Phillips, II, Orange County District Attorney in his official capacity, Defendants.

Nos. 02–0228, 02–2545.

United States Court of Appeals, Second Circuit.

Sept. 4, 2003.

---

Steven A. Feldman, Feldman & Feldman, Hauppauge, NY, for Appellants.

Megan L. Brackney, Assistant United States Attorney (Kathy S. Marks, Sara L. Shudofsky, of counsel; James Comey, United States Attorney for the Southern District of New York, on the brief) for appellee Immigration and Naturalization Service.

Matthew J. Nothnagle, Senior Assistant County Attorney, Goshen, N.Y. (Catherine M. Bartlett, County Attorney of Orange County, on the brief) for County of Orange appellees.

PRESENT: Hon. ROGER J. MINER, Hon. CHESTER J. STRAUB, and Hon. RICHARD C. WESLEY Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Ronald Ballard ("Ballard") and Petitioner–Appellant Amanallah Esmailzadeh ("Esmailzadeh"), in unrelated actions, purport to appeal from voluntary stipulations of dismissal with prejudice. The court consolidated these actions, appointed counsel to represent appellants, and directed counsel to brief the timeliness of these appeals as well as any other meritorious arguments.

On August 22, 2000, Ballard commenced an action alleging violations of his civil rights while in custody at the Orange County Correctional Facility. Pursuant to a settlement agreement, on April 15, 2002, Ballard executed a stipulation and order, agreeing to dismiss his civil rights action with prejudice. On May 20, 2002, the district court entered a "Stipulation and Order of Dismissal with Prejudice" under FED. R. CIV. P. 41(a)(1). At no time was a separate document labeled as a judgment issued or entered on the docket. On July 15, 2002, Ballard filed a *pro se* notice of appeal from the stipulation of dismissal.

On May 10, 2001, Esmailzadeh petitioned *pro se* for a writ of habeas corpus challenging his final order of removal from the United States. On November 9, 2001, the district court entered a "Stipulation and Order" of dismissal with prejudice, pursuant to FED. R. CIV. P. 41(a)(1). Again, at no time was a separate document labeled as a judgment issued or entered on the docket. On June 4, 2002, Esmailzadeh filed a *pro se* notice of appeal from the Stipulation and Order of dismissal.

We have recognized only limited circumstances where a party can appeal following a voluntary dismissal with prejudice: "when the plaintiffs' 'solicitation of the formal dismissal was designed only to expedite review of [a prior] order which had in effect dismissed [plaintiffs'] complaint,'" *Chappelle v. Beacon Communications Corp.*, 84 F.3d 652, 653 (2d Cir.1996) (alterations in original) (quoting *Empire Volkswagen, Inc. v. World–Wide Volkswagen Corp.*, 814 F.2d 90, 94 (2d Cir.1987)), and when there is "an adverse ruling disposing of fewer than all of [the plaintiff's] claims following the plaintiff's voluntary relinquishment of its remaining claims with prejudice." *Id.* Furthermore, if the stipulations are viewed as settlement agreements, like contracts, they can only be challenged upon a showing of fraud, duress, illegality, or mutual mistake. *Cf. Janneh v. GAF Corp.*, 887 F.2d 432, 436 (2d Cir.1989) ("A settlement is a contract, and once entered into is binding and conclusive."), *cert. denied*, 498 U.S. 865, 111 S.Ct. 177, 112 L.Ed.2d 141 (1990), *abrogated on other grounds by Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994). Appellants' counsel does not argue that any of these exceptions are applicable.

Accordingly, the stipulations of dismissal are unreviewable. For the foregoing reasons, the appeals are hereby DISMISSED.