**SYMBOL TECHNOLOGIES, INC.,
Plaintiff–Appellant,**

v.

**METROLOGIC INSTRUMENTS,
INC., Defendant–Appellee.**

No. 03–7555.

United States Court of Appeals,
Second Circuit.

Dec. 23, 2003.

Eric J. Lobenfeld, Hogan & Hartson LLP, New York, New York, for Appellant.

Dennis J. Mondolino, Morgan, Lewis & Bockius, LLP (Michael F. Hurley and Philip C. Canelli, on the brief), New York, New York, for Appellee.

PRESENT: OAKES, SOTOMAYOR, and WESLEY, Circuit Judges.

### SUMMARY ORDER

Plaintiff appellant Symbol Technologies, Inc. ("Symbol") appeals from a March 31, 2003 order of the United States District Court for the Eastern District of New York (Seybert, J.) dismissing three counts (counts two, three and five) of its action against defendant appellee Metrologic Instruments, Inc. ("Metrologic") and C. Harry Knowles ("Knowles"), the alleged chairman of the board and chief executive officer of Metrologic [A–27] (collectively, "defendants"). We dismiss Symbol's appeal for lack of appellate jurisdiction because the judgment below is not a final judgment under 28 U.S.C. § 1291.

Symbol sued defendants based on disputes arising from an intellectual property agreement between Symbol and Metrologic. In its amended complaint, Symbol alleged nine separate causes of action. The lawsuit sought declaratory, injunctive and monetary relief relating to Metrologic's alleged breaches of contract and the propriety of Symbol's purported termination of the agreement (counts two, three, five and eight), and the defendants' infringements of Symbol's patents (counts six, seven and eight).[1] [A 20–21, 30–39.] The claims against defendant Knowles related to his alleged infringement of Symbol's patents (counts seven and eight). Symbol also requested declaratory relief that (i) Symbol had not breached the agreement, (ii) Symbol could escrow—pending the litigation— payments it allegedly owed to Metrologic under the agreement and (iii) Metrologic had made fraudulent transfers under New York law. [A 37.]

Upon Symbol's and Metrologic's cross motions for partial summary judgment, the district court granted summary judgment in favor of Metrologic on the breach of contract claims and compelled arbitration of the patent infringement-related claims in accordance with the agreement's arbitration clause. [A 731–37.] Subsequently, Symbol requested the voluntary dismissal without prejudice of its remaining claims pursuant to Federal Rule of Civil Procedure 41(a)(1). [A 740, 742.] A judgment was entered on April 30, 2003, reciting the district court's order of March 31, 2003, and dismissing counts one, four, six, seven, eight and nine of the first amended complaint "pursuant to Rule 41(a)(1)." [A–742.] Although the district court's dismissal under Rule 41(a)(1) is silent on the issue of prejudice, the text of Rule 41(a)(1)

---

1. In count eight, Symbol requested an injunction ordering Metrologic to pay royalties to Symbol as though the contract had not been terminated or, alternatively, that Metrologic be enjoined from infringing Symbol's patents. [A 37.]

states: "Unless otherwise stated in the notice of dismissal ... the dismissal is without prejudice."

We held in *Chappelle v. Beacon Communications Corp.*, 84 F.3d 652 (2d Cir. 1996), that a party cannot "appeal from a dismissal of some of [its] claims when the balance of [its] claims have been dismissed without prejudice pursuant to a Rule 41(a) dismissal of the action." *Id.* at 654. In *Chappelle*, we noted two possible exceptions to the rule requiring dismissal for lack of appellate jurisdiction: "when the plaintiff['s] solicitation of the formal dismissal was designed only to expedite review of a prior order which had in effect dismissed plaintiff['s] complaint," 84 F.3d at 653 (omitting alteration notations and internal quotation marks), and when there is "an adverse ruling disposing of fewer than all of [plaintiff's] claims following the plaintiff's voluntary relinquishment of its remaining claims with prejudice." *Id.*

Symbol's attempt to distinguish the instant case from *Chappelle* is unavailing. Symbol contends that, unlike the defendants in *Chappelle*, Metrologic never responded to Symbol's remaining claims by way of answer or motion, and thus we should view the claims as never having existed, tantamount to an amendment of the complaint under Federal Rule Civil Procedure 15. [Grey 3–5.] Symbol cites two cases from the Federal Circuit for support. *See Nilssen v. Motorola, Inc.*, 203 F.3d 782 (Fed.Cir.2000) (finding no jurisdiction to entertain appeal upon viewing dismissal under Rule 41 of claims—which would have empowered the court with jurisdiction—as an amendment to complaint under Rule 15, but not adjudicating or addressing the final judgment rule under 28 U.S.C. § 1291); *Gronholz v. Sears, Roebuck & Co.*, 836 F.2d 515 (Fed. Cir.1987) (same). Notwithstanding the fact that defendants here did respond by

motion to stay and compel arbitration of the voluntarily dismissed claims [A 40–43; A 731], Symbol's argument is inapposite. Our concern in *Chappelle* was the improper circumvention of the finality rule and the possibility of piecemeal litigation; whether the defendants had responded to the complaint was irrelevant. *See* 84 F.3d at 654–55.

Symbol further argues that the concerns of piecemeal litigation are not present here because the district court's dismissal of counts two, three and five effectively ended the litigation. [Grey 5–6.] Symbol has not, however, adequately shown how the adverse dismissal of the breach of contract claims forever bars Symbol from pursuing its voluntarily dismissed claims. In fact, the district court ordered arbitration of the patent infringement claims, and even though Symbol dismissed those claims, it has indicated that it plans to reinstitute them should it prevail on appeal. [Grey 3.] Essentially, Symbol seeks to put its claims on hold while it appeals from a partial judgment, circumventing the final judgment rule. Because neither of the exceptions noted in *Chappelle* are present, Symbol's interlocutory appeal must be dismissed for lack of appellate jurisdiction.

Symbol alternatively requested that, if the judgment were not immediately appealable, we remand the case to the district court to allow Symbol to seek clarification under Rule 54(b). Lacking jurisdiction over the appeal, we are not empowered to order such a remand.

For the foregoing reasons, the appeal of the judgment of the district court is DISMISSED.