Jain v. McGraw-Hill Companies, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of December, two thousand twelve.

PRESENT:
> PIERRE N. LEVAL,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges.*

———————————————————————

Parul Jain,

> *Plaintiff-Appellant*,

> v.                                                      No. 11-4676-cv

The McGraw-Hill Companies, Inc., *et al.*,

> *Defendants-Appellees*.

———————————————————————

FOR PLAINTIFF-APPELLANT:          Parul Jain, *pro se*, Wayne, NJ.

FOR DEFENDANTS-APPELLEES:          Gregory Ira Rasin, (Nathaniel M. Glasser, Steven David Hurd, *on brief*), Proskauer Rose LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of

New York (Stein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Parul Jain, *pro se*, appeals the district court's judgment granting the motion of Defendants-Appellees for summary judgment on Jain's claims against them. In her complaint, Jain alleged, *inter alia*, that Defendants violated New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq.,* by discriminating against her on account of her chronic back pain. Jain also alleged that Defendants retaliated against her for taking leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* Finally, she asserted various common law causes of action, including breach of contract and *prima facie* tort. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment *de novo* and consider whether the district court properly concluded that there were no genuine issues as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although Jain was represented by counsel below, she is proceeding *pro se* on appeal and thus her present submissions are liberally construed to raise the strongest arguments they suggest. *See Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995).

After reviewing the record, we affirm the grant of summary judgment. With regard to Jain's claims of disability discrimination and aiding and abetting discrimination in violation of NYSHRL and NYCHRL, the Defendants have met their burden of identifying a legitimate, non-discriminatory reason for terminating Jain's employment – namely, her poor work performance. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973) (establishing three-part, burden-shifting framework for evaluating discrimination claims). Jain has failed to identify record evidence sufficient to establish that the Defendants' reasons for her termination were pretextual, masking a discriminatory intent related to Jain's chronic back pain or any other disability. Therefore, the district court properly granted summary judgment on Jain's discrimination claims.

Jain likewise fails to rebut the Defendants' legitimate, non-retaliatory reasons for terminating her employment by pointing to sufficient evidence of retaliatory intent. The only record evidence indicative of retaliation is the fact that Jain was fired on the day that she returned from FMLA leave. However, "[w]here timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise." *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001). The record conclusively demonstrates that Defendants repeatedly warned Jain about work performance and made the decision to terminate Jain for performance reasons before she took FMLA leave. Temporal proximity alone is therefore insufficient to create a material issue of fact regarding Jain's FMLA retaliation claim, and the rest of the evidence Jain cites, including a self-serving affidavit without citations to the record, does not support her assertions of retaliation either.

In her brief on appeal, Jain fails to address her breach of contract claim and most of her other common law claims that the district court held she abandoned. Accordingly, she has abandoned those claims on appeal, and we deem them waived. *See LoSacco v. City of Middletown*, 71 F.3d 88,

3

92-93 (2d Cir. 1995). To the extent Jain has not abandoned her common law claims, we find that they lack merit for substantially the same reasons as the district court. Additionally, to the extent that Jain voluntarily dismissed with prejudice discrimination claims based on gender, race, or national origin, this case does not present circumstances that would allow this Court to consider such claims on appeal. *See Chappelle v. Beacon Commc'ns Corp.*, 84 F.3d 652, 653-54 (2d Cir. 1996) (recognizing that plaintiffs may appeal voluntarily dismissed claims in certain circumstances); *Empire Volkswagen Inc. v. World-Wide Volkswagen Corp.*, 814 F.2d 90, 94 (2d Cir. 1987). Finally, Jain has waived claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, which she raises for the first time on appeal, because she failed to assert them in district court. *See In re Nortel Networks Corp. Secs. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) (per curiam) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (internal quotation marks omitted)).

We have considered all of Jain's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4