12-4101-cv
Hamedl v. Verizon Commc'ns, Inc., et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         ROSEMARY S. POOLER,
                   <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -X

RICHARD JOHN HAMEDL, CAROL RYDER HAMEDL,

     <u>Plaintiffs-Appellant</u>s,

     -v.-                                   12-4101-cv

VERIZON COMMUNICATIONS, INC., ARIADNE STAPLES, METROPOLITAN LIFE ASSURANCE COMPANY, COMMUNICATION WORKERS OF AMERICA, NANCY BRANHAM, ROLAND MORGAN, METLIFE, INC., EDWARD M. WEILAND, VERIZON NEW YORK, INC.,

     <u>Defendants-Appellees</u>,

LINDA MIKALIK, JIM ARNONE, JOHN CROAK, JANE DOE, JOHN DOE, in their official and individual capacities, INTEGRATED

1

**MEDICAL GROUP PC, COMMUNICATION WORKERS OF AMERICA LOCAL 1101, ANDREW WEILAND, Dr., IVAN SEIDENBERG, CEO/Chairman,**

    **Defendants.**

- - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:** Carol Ryder Hamedl, Esq., The Law Office of Carol Ryder PC, Salonga, New York.

**FOR APPELLEES:** Jennifer Courtian, Jackson Lewis P.C., New York, New York; with Martin W. Aron, Jackson Lewis P.C., New York, New York; for Verizon Communications, Inc., Verizon New York, Inc., Linda Makalik, Jim Arnone, and John Croak.

Amy S. Young (with Nicholas Hanlon, on the brief), Communication Workers of America, New York, New York; for Communication Workers of America, Communication Workers of America Local 1101, Nancy Branham, and Roland Morgan.

Michael H. Bernstein (with John T. Seybert on the brief), Sedgwick LLP, New York, New York; for MetLife, Inc., Metropolitan Life Assurance Company, and Ariadne Staples.

Daniel A. Bartoldus, Lewis Johs Avallone Aviles, LLP, Icelandia, New York; for Edward M. Weiland.

    Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, J.).

    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

2

Richard John Hamedl and his wife (and attorney), Carol Ryder Hamedl, appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, J.), granting summary judgment in favor of defendants-appellees. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a grant of summary judgment de novo. See Gonzalez v. City of Schenectady, 728 F.3d 149, 154 (2d Cir. 2013). "Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Id.; accord Fed. R. Civ. P. 56(a). In determining whether there are genuine disputes of material fact, the court is "'required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'" Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (quoting Stern v. Trs. of Columbia Univ. in City of N.Y., 131 F.3d 305, 312 (2d Cir. 1997)). There is no genuine dispute for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Having reviewed the record de novo, we affirm for substantially the reasons stated by the district court in its thorough and well-reasoned Memorandum and Order of September 6, 2012. See Hamedl v. Weiland, 10-CV-2738 (SJF)(GRB), 2012 U.S. Dist. LEXIS 127648, 2012 WL 3903499 (E.D.N.Y. Sept. 6, 2012). Appellants argue that the district court misconstrued facts in the record or wholly overlooked them. However, an independent review of the record evidence reveals that the district court correctly concluded that the facts Appellants relied on in their opposition to summary judgment are either not genuinely in dispute or consist solely of "conclusory allegations, speculation or conjecture." Cifarelli v. Vill. of Babylon, 93 F.3d 47, 51 (2d Cir. 1996).

As to Mr. Hamedl's claims under the Americans with Disabilities Act ("ADA"), the undisputed evidence demonstrates that he was offered a reasonable accommodation for his alleged disability--that is, a shift beginning at 5:30 a.m., to prevent the back-pain caused by sitting in traffic. Mr. Hamedl's preference for a midnight shift does not render unreasonable an otherwise reasonable

accommodation. See Fink v. New York City Dep't of Personnel, 53 F.3d 565, 567 (2d Cir. 1995) (noting that a reasonable accommodation "does not require the employer to provide every accommodation the disabled employee may request, so long as the accommodation provided is reasonable"). Mr. Hamedl has provided no evidence that his request for an ergonomically designed chair was delayed unreasonably due to some discriminatory intent by his employer, if it can even be said to have been unreasonably delayed.

As to Mr. Hamedl's claim for retaliation under the Family Medical Leave Act, he has provided no evidence of "a causal connection . . . between the plaintiff's protected activity and the adverse action taken by the employer." Donnelly v. Greenburgh Cent. Sch. Dist. No. 7, 691 F.3d 134, 152 (2d Cir. 2012) (internal quotation marks and citation omitted). Rather, Mr. Hamedl's reassignment occurred only after Verizon identified an error in his seniority calculation.

Moreover, our review of the record confirms that the district court properly granted summary judgement to Dr. Weiland on Appellants' fraud claim. Appellants point to no evidence that Dr. Weiland's report was wrong, much less fraudulent.

Appellants' appeal on various other claims--brought (variously) under the ADA, Title VII of the Civil Rights Act of 1964, the Employment Retirement Income Security Act, state law whistle-blower statutes, etc.--is barred by the stipulation of voluntary dismissal with prejudice. We have recognized only limited circumstances in which a party can appeal following a voluntary dismissal with prejudice entered below; this is not one of them. See Chappelle v. Beacon Communic'ns Corp., 84 F.3d 652, 653 (2d Cir. 1996). Appellants argue nevertheless that they were forced to abandon their other causes of action by reason of an insufficient opportunity to pursue discovery. The record belies this claim: Appellants requested and received multiple extensions of discovery. Having reviewed Appellants' arguments and the record, we see no basis to disturb the stipulations of dismissal with prejudice that were signed by Appellants' counsel and filed as an rder of the District Court.

For the foregoing reasons, and finding no merit in Appellants' other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK