24-1356-cv
*Peralta v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22ⁿᵈ day of November, two thousand twenty-four.

PRESENT:
>AMALYA L. KEARSE,
>REENA RAGGI,
>MARIA ARAÚJO KAHN,
>>*Circuit Judges.*

——————————————————————————

ROBINSON PERALTA,

>*Plaintiff-Appellant,*

>v.                                                     24-1356-cv

CITY OF NEW YORK, HANSEL SALCEDO, DANIEL WYNNE,

>*Defendants-Appellees.*

——————————————————————————

FOR PLAINTIFF-APPELLANT: Robinson Peralta, *pro se*, New York, NY.

FOR DEFENDANTS-APPELLEES: No appearance.

Appeal from an April 19, 2024 judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

In 2021, *pro se* plaintiff Robinson Peralta sued N.Y.P.D. detectives Hansel Salcedo and Daniel Wynne, as well as the City of New York, pursuant to 42 U.S.C. § 1983 for alleged violations of constitutional rights. Peralta alleged that the individual officers (and unnamed others) harassed him after he was falsely accused of murder in 2010, and that the City failed to investigate the claimed harassment. After the district court granted the City's motion to dismiss, Peralta's claims against Salcedo and Wynne survived and proceeded to discovery. *See generally Peralta v. City of New York ("Peralta I")*, No. 21-CV-6395 (JMF), 2022 WL 2805463 (S.D.N.Y. July 18, 2022). On May 23, 2023, Peralta and the officers executed a Rule 41(a)(1)(A)(ii) stipulation of voluntary dismissal which prompted the district court to dismiss the matter without prejudice. When Peralta subsequently appealed the voluntary dismissal, and challenged the district court's prior dismissal of his claims against the City, this Court dismissed for lack of jurisdiction. *See Peralta v.*

2

*Salcedo*, No. 23-839, 2023 WL 8351578, at *1 (2d Cir. Oct. 20, 2023) (motion order) (citing *Chappelle v. Beacon Commc'ns Corp.*, 84 F.3d 652, 653–54 (2d Cir. 1996)).

On December 11, 2023, Peralta, proceeding *pro se* and *in forma pauperis*, filed a new lawsuit against the same defendants, generally raising the same claims and allegations asserted in *Peralta I*.  The district court dismissed the case *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) as precluded by *Peralta I* and, to the extent not precluded, as either time-barred or improperly premised on statutes that do not provide a private cause of action. *See Peralta v. City of New York*, 23-CV-10785 (JMF), 2024 WL 1704774, at *4–8 (S.D.N.Y. Apr. 18, 2024).  The district court also denied leave to amend as futile.  *See id*.

Peralta appealed.  We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.  Our review is *de novo*, *see Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018), and we construe *pro se* filings to raise the strongest arguments they suggest, *see Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

Upon *de novo* review, we agree with the district court that dismissal of the complaint was warranted.[1]  Peralta's claims against the City are barred by claim

---

[1] To the extent Peralta intends to challenge the district court's decision to dismiss his complaint under 28 U.S.C. § 1915(e)(2)(B) without providing prior notice, *see Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999), we discern no reversible error in the procedure employed by the district court.  *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam) (affirming *sua sponte* dismissal in the context of serial litigation).

preclusion because those claims ended on the merits in *Peralta I*, the same parties were involved in the prior action, and the asserted claims either were or could have been raised in the prior action. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014) (stating the elements of claim preclusion). Additionally, Peralta's § 1983 claims against the individual defendants, to the extent that they invoke laws under which there is any private right of action, are barred by the three-year statute of limitations that governs such claims in New York, and he failed to plead or argue extraordinary circumstances sufficient to suggest the availability of equitable tolling. *See Smalls v. Collins*, 10 F.4th 117, 145–46 (2d Cir. 2021).

We have considered Peralta's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court. Peralta's motion to take judicial notice is **GRANTED** because we may take judicial notice of court records filed in other courts. *See Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). In addition, the Clerk of the Court is respectfully requested to seal Peralta's appendix (doc. 16) insofar as it includes his full date of birth. *See* Fed. R. App. P. 25(a)(5).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4