24-262-cv (L)
*Zeltser v. Belneftekhim*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand twenty-six.

Present:

> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> MYRNA PÉREZ,
>     *Circuit Judges*.

_____

PAUL HOFFMAN, AS ADMINISTRATOR OF
THE ESTATE OF EMANUEL ZELTSER,

> *Plaintiff-Appellant-Cross-Appellee*,

v.

24-262-cv (L), 24-632-cv
(CON), 24-633-cv (XAP)

BELNEFTEKHIM, AKA CONCERN BELNEFTEKHIM,
BELNEFTEKHIM USA, INC.,

> *Defendants-Appellees-Cross-Appellants*.[*]

_____

For Plaintiff-Appellant-Cross-Appellee:     JOSEPH PAUKMAN, Brooklyn, NY.

---

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.

1

For Defendants-Appellees-Cross-Appellants:

KENNETH A. CARUSO, Kenneth A. Caruso Law LLC, New York, NY (David Labkowski, Labkowski Law, P.A., New York, NY, *on the brief*).

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal and cross-appeal are **DISMISSED**.

Plaintiff-Appellant-Cross-Appellee Paul Hoffman, as administrator of the estate of Emanuel Zeltser, appeals from a judgment of the United States District Court for the Eastern District of New York.[1]  The district court granted the estate's motion for voluntary dismissal, with prejudice, of Zeltser's Second Amended Complaint against Defendants-Appellees-Cross-Appellants Belneftekhim and Belneftekhim USA, Inc. (collectively "Belneftekhim"). Belneftekhim cross-appeals.  We assume the parties' familiarity with the facts of the case, to which we refer only as necessary to explain our decision.

In 2012, Zeltser and his then-co-plaintiff, Vladlena Funk, commenced this action in New York Supreme Court against Belneftekhim for its alleged role in Zeltser's and Funk's 2008 abduction and their subsequent "prolonged detention in Belarus by authorities of that country." *Funk v. Belneftekhim*, 861 F.3d 354, 357, 359 (2d Cir. 2017).[2]  Plaintiffs' Second Amended Complaint, which they filed after Belneftekhim removed the case to federal court, set forth nine

---

[1] The district court did not enter a judgment in a separate document in this case, as generally required by Federal Rule of Civil Procedure 58(a) (subject to certain exceptions not applicable here).  In the absence of a separate judgment, pursuant to Federal Rule of Appellate Procedure 4(a)(7)(A)(ii), judgment is deemed to have entered after "150 days have run from entry of the judgment or order in the civil docket."  The district court entered an order dismissing Zeltser's claims with prejudice on February 15, 2024, and so judgment in this case is deemed to have entered 150 days later—that is, on July 15, 2024.

[2] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

causes of action under New York law: common law fraud, assault and battery, false imprisonment, intentional infliction of emotional distress, tortious interference with contractual relationship, tortious interference with prospective economic advantage, conversion of ownership and financial interest in Defendants and their assets, conversion of Plaintiffs' personal property, and prima facie tort, seeking upwards of $140 million in damages.

After nearly eight years of contentious litigation—which included threats of default judgment, multiple motions to dismiss, extensive discovery disputes, and countless motions for sanctions—Belneftekhim filed a motion for partial summary judgment on August 18, 2020, arguing that Plaintiffs lacked sufficient evidence to create a dispute of material fact as to certain elements required for six of their nine causes of action. As relevant to this appeal, Belneftekhim asserted that Plaintiffs lacked any evidence to establish one of the elements of their fraud claim. The district court agreed and dismissed that claim. Plaintiffs then filed, and the district court denied, a motion for reconsideration arguing that intervening Second Circuit precedent required reinstatement of their fraud claim. Shortly thereafter, Zeltser died, and a representative of his estate was substituted as a party. For convenience, we will refer to the estate as "Zeltser" for the remainder of this order.

In 2023, on the eve of a much-delayed trial, Zeltser moved for sanctions against Belneftekhim, claiming that Belneftekhim had engaged in gross misconduct to prevent further prosecution of the underlying action. That alleged misconduct involved Belarus's recent enactment of an anti-suit injunction law that authorized courts in Belarus, upon the application of a Belarusian party, to enjoin persons in foreign countries from commencing or continuing actions against Belarusian individuals or entities. Belneftekhim obtained such an injunction against Zeltser and Funk in Belarus ordering them to discontinue the present action in New York. As a

3

result of feeling intimidated by the injunction, Funk (the only living plaintiff and a key witness) informed Zeltser that she "cannot appear at trial to testify on behalf of the [estate], and presumably herself." App'x 536. According to Zeltser, Belneftekhim had worked with the Belarusian government to enact the anti-suit injunction law for that very purpose. Zeltser urged the district court to impose sanctions pursuant to its inherent authority: either granting default judgment against Belneftekhim, or issuing an order adopting as true facts alleged and declared by Plaintiffs and precluding Belneftekhim from introducing conflicting evidence.[3] Belneftekhim opposed this motion for sanctions and filed its own motion for sanctions. After a hearing, the court denied both motions. Among other things, the court concluded that neither the anti-suit injunction law's enactment nor the procurement of an injunction under that law was "the kind of clear and convincing evidence of bad faith" necessary to impose sanctions, rejecting the premise that the procurement of that injunction wrongfully caused Funk's unavailability as a witness. Special App'x 17–21.

After the district court's ruling, Funk voluntarily dismissed her claims with prejudice and thus is no longer party to this action. Contending that he thereby lost his "sole remaining fact witness as to Defendants' acts," Appellant's Br. at 4, Zeltser also sought voluntary dismissal of his action with prejudice. The district court granted Zeltser's motion. Zeltser now appeals, challenging both the district court's earlier summary judgment on his fraud claim and its refusal to sanction Belneftekhim by granting him default judgment or by allowing him to use allegations

---

[3] Regarding the latter relief sought, Zeltser references both Federal Rule of Civil Procedure 37, which governs discovery sanctions, as well as Federal Rule of Evidence 804, which governs witness unavailability and related exceptions to the hearsay rule. In substance then, Zeltser's sanctions motion was also a motion *in limine* to admit some of Funk's prior statements under Federal Rule of Evidence 804(b)(6), which authorizes the admission of hearsay statements of unavailable witnesses where the opposing party's misconduct caused the witness's unavailability. The court's wholesale rejection of Zelter's motion is thus in part an evidentiary ruling.

and declarations as trial evidence.  In a cross-appeal, Belneftekhim challenges the district court's prior adverse rulings on personal jurisdiction.  Belneftekhim also moved to dismiss Zeltser's appeal for lack of appellate jurisdiction.  Our analysis begins and ends with that motion.

"As a general rule, we have appellate jurisdiction only over 'final decisions of the district courts,' 28 U.S.C. § 1291—often referred to as the final judgment rule."  *United States v. Bardakova*, 145 F.4th 231, 240 (2d Cir. 2025).  This rule "preserves the proper balance between trial and appellate courts, minimizes the harassment and delay that would result from repeated interlocutory appeals, and promotes the efficient administration of justice."  *Microsoft Corp. v. Baker*, 582 U.S. 23, 36–37 (2017).  Under the rule, "[w]e generally lack appellate jurisdiction to review voluntary dismissals of claims."  *Ali v. Fed. Ins. Co.*, 719 F.3d 83, 88 (2d Cir. 2013).  That is because "it is presumed that" plaintiffs who voluntarily dismiss their claims "obtained that which they sought."  *Coliseum Square Ass'n, Inc. v. Jackson*, 465 F.3d 215, 249 (5th Cir. 2006); *cf. LaForest v. Honeywell Int'l Inc.*, 569 F.3d 69, 73 (2d Cir. 2009) ("Appeal from a consent judgment is generally unavailable on the ground that the parties are deemed to have waived any objections to matters within the scope of the judgment." (*quoting New York ex rel. Vacco v. Operation Rescue Nat'l*, 80 F.3d 64, 69 (2d Cir. 1996))).  But a plaintiff, "in limited circumstances," may "appeal from a voluntary dismissal when [his] solicitation of the formal dismissal was designed only to expedite review of a prior order which had in effect dismissed" all his claims.  *Ali*, 719 F.3d at 88 (quoting *Chappelle v. Beacon Commc'ns Corp.*, 84 F.3d 652, 653 (2d Cir. 1996)).  "In order to qualify as an 'effective dismissal' of the claim, the adverse ruling must have rejected the claim 'as a matter of law.'"  *Id.* at 88–89 (citations omitted); *see N.Y. State Telecomms. Ass'n, Inc. v. James*, 101 F.4th 135, 143 (2d Cir. 2024) (identifying four factors allowing appellate jurisdiction over a voluntarily dismissed claim, one of which is that "the district court must have 'plainly rejected the

5

legal basis' for the appellant's claim or defense" (quoting *Ali*, 719 F.3d at 94)). That "strict requirement[] allow[s] plaintiffs and counter-claimants to retain control of their own claims while also ensuring that voluntary dismissals are not used to obtain piecemeal appellate review" in violation of the "federal policy against piecemeal appeals." *Ali*, 719 F.3d at 89.

As the appellant, Zeltser "bears the burden of establishing" appellate jurisdiction. *Jok v. City of Burlington*, 96 F.4th 291, 293 (2d Cir. 2024). Here, that means Zeltser must establish that his voluntary dismissal qualifies as an effective dismissal of his claims. He has not met that burden, asserting only that the district court's ruling made it impossible for him to win his case at trial. But a party's own assessment of its trial prospects does not qualify as an effective dismissal. And the district court's order certainly was not one. Its ruling was merely an interlocutory decision that did not address the legal viability or factual sufficiency of Zeltser's case in any way. The denial of sanctions did not dispose of the case (in fact, the district court rejected Zelter's request for a default judgment), and while the evidentiary ruling may have limited what Zeltser sought to use as evidence, it was not a "final ruling on admissibility" and was subject to possible revision "due to developments at trial." *Palmieri v. Defaria*, 88 F.3d 136, 139 (2d Cir. 1996) (explaining that evidentiary rulings *in limine* do not qualify as effective dismissals and are therefore not immediately appealable). We lack appellate jurisdiction over final judgments voluntarily entered "in order to bypass district court resolution of any open merits questions." *See N.Y. State Telecomms. Ass'n*, 101 F.4th at 146.

Moreover, Zeltser had other options to present his case at trial apart from the sanctions relief he sought, further demonstrating that his case was not effectively dismissed. Most notably, he could have sought to subpoena Funk to appear, but he does not explain why he failed to do so at any point after Funk first expressed her unwillingness to testify voluntarily, almost two months

6

before trial.  The availability of these options illustrates why this appeal would be an end-run around the finality rule: "[i]f a litigant could refuse to proceed whenever a trial judge ruled against him," that would create precisely the piecemeal litigation that 28 U.S.C. § 1291 forbids.  *See Palmieri*, 88 F.3d at 139 (quoting *Chappelle*, 84 F.3d at 654–55).  In short, Zeltser's own assessment of his case does not entitle him to "skip the last leg of [a] real race," "circumvent the restrictions on interlocutory appeals," and manufacture his own final judgment.  *N.Y. State Telecommunications Ass'n*, 101 F.4th at 145.  In the absence of a final judgment from the district court that satisfies the requirements of § 1291, we dismiss this appeal for lack of appellate jurisdiction.[4]

\* \* \*

For the foregoing reasons, Zeltser's appeal is **DISMISSED** for want of appellate jurisdiction, and Belneftekhim's appeal is **DISMISSED** as moot.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

[4] As Belneftekhim's counsel confirmed at oral argument, its cross-appeal was conditional and would need to be addressed only if we were to reverse the district court's judgment dismissing Zeltser's action.  Therefore, because we dismiss Zeltser's appeal for want of appellate jurisdiction, Belneftekhim's cross-appeal is moot.  *See Schmidt v. Polish People's Republic*, 742 F.2d 67, 72 (2d Cir. 1984) (declining to reach the appellee's cross-appeal because it was conditional on the Court vacating the district court's dismissal of the appellants' claims).

7